## TURNER Adm'r. *vs.* DUPREE'S Adm'r.

1. A *scire facias* cannot revive a judgment on which no execution could ever have issued.
2. A decree of the Orphans' Court which does not designate the person or persons, in whose favor it is rendered, is void for uncertainty.

Error to the Orphans' Court of Madison.

A decree was rendered in the Orphans' Court against the administrator of Donaldson Turner, in favor of "the personal representative, or legal heirs entitled thereto (when ascertained) of Mildred Dupree, deceased." A *scire facias* issued on this judgment in the name of Mildred L. Dupree and Rebecca A. Turner, as heirs at law of said Mildred Dupree, deceased, and the judgment was revived in their names, and execution awarded. To reverse this decree, the administrator has sued out this writ of error.

Robinson, for plaintiff in error.

C. C. & J. W. Clay, *contra.*

PARSONS, J.—A *scire facie* to have execution upon a judgment, is only a continuation of the former suit.—2 Dunlap's Practice, 1078 ; 1 Term, 267-268-388. As it is the former judgment that is to be revived, and the force of which is thus to be continued by process from it, it must be a judgment from which an execution could once have issued.

The decree of the Orphans' Court was one from which no execution could ever have been issued. It does not ascertain the person or persons in whose favor the recovery was had, but the amount was to be paid to the personal representative or legal heirs entitled thereto of Mildred Dupree, deceased. This, as a decree, was void for uncertainty.—Joseph's adm'r. v. Joseph's Legatees, 5 Ala. 280. There was error therefore, in awarding the execution, and the judgment is reversed, and the cause remanded.