## KYLE *vs.* MAYS, Use, &c., of HATCHETT.

1. A decree of the Court of Probate against an administrator in favor of "*the legal representative*" of a distributee, is void for uncertainty.
2. Although such decree is void, yet the settlement may be regarded as evidence of a debt against the administrator, so as to authorize a recovery by the person entitled to receive it after he is judicially ascertained.
3. The failure to pay such a decree does not amount to a *devastavit*, so as to authorize an action on the administrator's bond, until after the person who is to receive it is judicially ascertained.

ERROR to the Circuit Court of Coosa.

Tried before the Hon. JOHN D. PHELAN.

This was an action of DEBT on an administrator's bond

against the plaintiff in error as the surety of William E. Hatchett, who was the administrator of Thomas Hatchett. The declaration alleges the appointment of said William E. Hatchett as administrator, the execution of the bond sued on, a final settlement of the estate, and a decree thereon rendered directing said administrator to pay "to the legal representative of David G. W. L. Hatchett," for whose use this suit is brought, a specified amount, as his distributive share of said estate. The declaration also avers, that said David Hatchett, at the time of filing the declaration, was his own legal representative; that said decree was in full force, and unreversed; that assets of said estate, sufficient to pay said decree, had come to the possession of said administrator, which he had wasted and converted to his own use; that said administrator had departed this life, and that his estate is insolvent.

The defendant demurred to this declaration, but his demurrer was overruled; and this is now assigned for error.

L. E. PARSONS, for plaintiff in error.

S. P. STORRS, contra.

GOLDTHWAITE, J.—We decided in the case of Kyle v. Mays, use &c. of Pond, at the present term, that when a decree is rendered against an administrator, on a final settlement, in favor of a distributee, the failure to pay such decree amounted to a breach of the administration bond; and that an action could be maintained against the obligors, without the issue of execution on the decree, or a demand of the administrator.

The difficulty, however, in the present case, is, that the decree was rendered in favor of "the legal representative" of the distributee, without naming such representative; and under our previous decisions, this decree, as such, was void for uncertainty. Joseph v. Joseph, 5 Ala. 280; Turner v. Dupree, 19 Ala. 198; Hughes v. Mitchell, ib. 270. It is true, that, under the influence of the case last cited, the settlement might be regarded as evidence of a debt against the administrator, so as to authorize its recovery by the person entitled; but the administrator cannot be required to pay it, until the party who is to receive it is judicially ascertained.

The failure to pay, until then, is not a breach of the bond, and, as a consequence, no action could be maintained on it. The court, therefore, should have sustained the demurrer, and for that error, the judgment is reversed, and the cause remanded.