PRESTON *vs.* DUNN.

1. The Chancery Court is the general guardian of all infants within its jurisdiction, and has authority, by virtue of its general powers, to protect their rights, when defendants in that court, by the appointment of a guardian *ad litem.*
2. The improper exercise of this power may be reviewed on error, but the act itself is not void; and the decree rendered cannot be collaterally attacked by the infant for want of jurisdiction, although the appointment was made without service of process.
3. When an infant defendant to a bill of revivor is described as the deceased defendant's "only infant son whose name is unknown," the decree rendered against him is not void for uncertainty, and cannot be collaterally impeached; especially when the infant, by his subsequent bill to redeem lands sold under the decree, shows that he is the person against whom the bill of revivor was filed.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. J. W. LESESNE.

THIS bill was filed in March, 1853, by the appellant, Franklin Preston, an infant suing by his next friend, to redeem a tract of land, which had once belonged to his father, who mortgaged it in 1836 to C. & A. Batre, under which mortgage it was sold, by decree of the Chancery Court, in 1841, and purchased by the defendant. The bill in the foreclosure suit was filed in April, 1839; and the defendant Preston filed his answer on the 20th of May, and soon afterwards died, leaving no children at the time of his death, though a posthumous son (the present appellant) was born a few months afterwards. In December, 1839, a bill of revivor was filed against Mrs. Hetty Preston and one Cox, as administrator and administratrix of the decedent, and against "his only infant son, whose name is unknown to complainant." The subpœna on this bill was issued against the administrator and administratrix only, and was served on them; and at the May term, 1841, a guardian *ad litem* was appointed for the infant defendant, who thereupon put in the usual formal answer.

The chancellor dismissed the bill for want of equity, but without prejudice; and his decree is now assigned for error.

R. H. Smith, with whom was A. Boykin, for the appellant:

It may be stated as a universal proposition, that a judgment is void against one not a party or privy to it, and this is equally true of a decree in chancery as of a judgment at law. 3 Phil. Ev. 918.

It is equally true, that in this matter there is no privity between the personal representative and heir, and that proceedings taken against the former do not bind the latter.— Mason's Heirs v. Peter's Adm'rs, 1 Munf. 446 ; Osgood v. Manhattan Co., 3 Cow. 622. This principle has been very often held, in reference to the question whether the heir could plead statute of limitations to the debt which was in judgment against the administrator, and I know of no case in which it has been held that he could not.

The administrator is not a necessary party to a bill to foreclose a mortgage on real estate ; the heir is ; in him alone is vested the estate sought to be foreclosed. However, at law, the legal estate may be considered to be after the law day ; in equity the estate is still considered as in the mortgagor, or his heir, and the mortgage is still only considered as a security for a debt.—Inge v. Boardman, 2 Ala. 334–5 ; 3 Powell on Mortg. 963 b; and note ; ib. 969.

Without the statute of 1843, the decree was an utter nullity against an heir not made a party, until he should be barred by the longer statute applicable to actions for recovery of lands. Assuming the heir not to have been made a party, the principle receives an absolute test by supposing Dunn, the purchaser, to have brought ejectment against the heir relying on his purchase—could he recover? It is decided he could not, in Hair v. Grigsby, 18 Ala. 45.

By that statute the right of one not a party to a decree of foreclosure to redeem is cut down to five years, after infancy removed ; and this limitation applies to past as well as future decrees. It is a limitation on a previous larger right.— Clay's Dig. 329, §§ 92, 93. The complainant's infancy has not terminated ; and hence the only question is, was the complainant a party to the decree under which Dunn brought.— It is insisted he was not, 1st, because he is no where *named* in the proceedings, being only described as an infant of unknown name. His mother was before the court, and it is apparent

his name could have been obtained. The decree is void as to him, and is against no body.—Doe ex dem. R. H. Bonner v. Tier, 3 Dev. 533.

2. He was not made a party for want of service, though he had been named in the process.—Armstrong v. Harshaw, 1 Dev. 187.

Conceding, for argument, that the process against the heir might be served on his mother, yet there was no process against him. His mother was a party, and the process was against her as such ; and the real question is, had chancery, before the statute of 1841, jurisdiction of a person, by simply appointing a guardian *ad litem* for him, without any other steps, and without even giving him a name.

That the mode of procedure taken did not make the heir a party, I refer to Hodges v. Wise, 16 Ala. 509 ; Johnson v. Hainesworth, 6 *ib.* 444 ; Walker v. Hallett, 1 *ib.* 390.

WILLIAM G. JONES, *contra :*

1. Dunn stands in the position of a *bona fide* purchaser for value ; and that, too, under a judicial sale, made under the order of the Chancery Court, and confirmed by that court.— He has the legal title, and at least equal equity with the complainant. A court of equity never grants relief against a *bona fide* purchaser for value, having the legal title and equal equity with the complainant. The maxim is, "where there is equal equity, the law must prevail." "*In equali jure, melior est conditio possidentis.*"—1 Story's Eq. § 64 c, p. 74 ; *ib.* § 108, p. 121 ; *ib.* § 381 ; *ib.* § 434 ; 2 Story's Eq. §§ 1502, 1503. The leading case on this subject is Bassett v. Nosworthy, Rep. Temp. Finch, 102, and also fully reported in 2 White & Tudor's Lead. Ca. in Eq., vol. 2, marg. page 1, (71 Law Lib.) Lord Keeper Finch there laid down the law, clearly and strongly, as follows : "A purchaser *bona fide*, without notice of any defect in his title at the time of the purchase made, may lawfully buy in a statute, or mortgage, or any other incumbrance ; and if he can defend himself, at law, by any such incumbrance bought in, his adversary shall never be aided in a court of equity by setting aside such incumbrances ; for equity will not disarm a purchaser, but assist him ; and precedents of this nature are very ancient and numerous, viz.,

where the court hath refused to give any assistance against a purchaser, either to an HEIR, or to a widow, or to the fatherless, or to creditors, or even to one purchaser against another." So the law has been ever since, strengthened indeed by more modern authorities, most of which are collected in the English and American Notes to 2 W. & T.'s Lead. Cases, *supra.* This principle applies equally to purchases under judicial sales, as was recognized by this court in The Ohio Life Ins. Co. v. Ledyard, 8 Ala. R. 866, and in many cases decided in other States.—See the cases collated in the American Notes to 2 W. & T.'s Leading Cases in Eq., 71 Law Lib. top p. 109. Where the facts constituting this defence appear in the bill, (as in this case,) it may be taken by way of demurrer, as well as by plea or answer (Story's Eq. Pl. p. 580, § 603; 71 Law Lib. p. 77); and it would seem, that it would be equally good on a motion to dismiss for want of equity. As to the extent to which the courts go, on grounds of public policy, to uphold judicial sales, and protect purchasers at such sales, see Vorhies v. The Bank of the U. S., 10 Peters 449, 472–5.

2. It is submitted that the infant was a party to the foreclosure suit, and bound by it. He is made a party to the bill of revivor; the Chancery Court made him a party, and appointed a guadian *ad litem* for him. This was before the adoption of the rules of 1841. The mode in which infants of tender years (this infant was then under seven months old) were made parties, was not settled by any exact or rigid rule. The Court of Chancery was considered as itself the guardian of all infants as to matters within its jurisdiction. It took care that the rights of infants should not be prejudiced. Where an infant was of very tender years, or its name unknown, or it was kept out of the way, the court would take such course as, in its discretion seemed proper under the circumstances of each case, to make the infant a party, and protect his interest. Service of process on the mother, or father-in-law, has been held sufficient to authorize the court to appoint a guardian *ad litem.*—Thompson v. Jones, 8 Ves. Jr. 141. The court as general guardian of infants had a large discretion on this subject.—1 Dan. Ch. Pr. 203, 224; McPherson on Infants, 395, (41 L. Lib.,) and authorities cited in the chancellor's opinion in this case.

Here the father of the infant had fully answered the bill in his life-time. It would have been an idle and useless farce to serve a subpœna on a sucking baby not over six months old; and process was served on his mother and natural guardian, who had the custody of him. From the subsequent action of the court, this court might well presume that process for the infant had been issed and served and lost from the files. But this is not necessary. The court saw that the father and ancester of the infant had filed a full answer; that process had been served on the mother, and proof was made that the infant was under two years old. This was abundantly sufficient to justify the appointment of a guardian *ad litem*, as was done. There was, then, no error in that case, for which that decree could even be reversed—much less could it be held as a nullity in a subsequent suit. This view is supported by decisions of this court.

In Cato v. Easley, 2 Stew. 214, it did not appear that any process had been served on the infants, nor had any guardian *ad litem* been appointed for them. They only defended by their general guardian; yet the Chancery Court having acquiesced in this mode of defence, this court held it was no error. This must have been on the ground of the large discretion of the Chancery Court in this respect, and is sustainable on principle, and by the authority of the cases there cited. So, too, in the recent and well-considered case of Gannard v. Eslava *et al.*, 20 Ala. 732, 735, 739, 740, it was objected in argument that the infant Tuskena had not been properly brought before the court (20 Ala. R. p. 735). To this it was answered, (pp. 739, 740,) that the rule was merely directory, that the answer of Gannard and Wife represented that Octavia and Tuskena were infants, and prayed that their interest might be protected by the court; and that was what the rule in reference to infants was designed to secure for them. This view is adopted by the court; for the court says (p. 740): "They answered by guardian *ad litem*, and it sufficiently appears that their interests were protected." So, it is insisted, there was no error even in the foreclosure suit, for which that decree would be reversed.

But even if there was error in the proceedings in the foreclosure suit, (which we by no means admit,) it does not fol-

low that the decree was void, or could be collaterally impeached. It was made by a court of competent jurisdiction, and cannot be collaterally impeached. This principle has been so often decided in this court that it is needless to cite authorities to support it. An infant is as much bound by a decree rendered on the answer of his guardian *ad litem*, as an adult is.—1 Danl. Ch. Pr. 205. In Kentucky and Missouri, in cases almost identical with this, it has been held, that even the unauthorized appointment of a guardian *ad litem* does not render the decree void as to the infant, and a purchaser under such a decree will be protected against the infant.—Bustard v. Gates, 4 Dana 429 ; Day v. Kerr, 7 Missouri 426 ; 8 B. Mon. 102 ; see, also, Smith v. Bradley, 6 S. & M. 485, and Caldwell v. Boyer, 8 Gill & Johns. 136, 149, 185. This last case is strongly in point. See also Duval's Heirs v. McLoskey, 1 Ala. 708, 726, 732.

There was no error in appointing the master in chancery as guardian *ad litem*, as a special master was appointed to take the account.—Hodges v. Wise, 16 Ala. 509, 514. Nor is not giving a day for the infant to appear after coming of age.—Cato v. Easley, 2 Stew. 214 ; Kennedy v. Kennedy, 2 Ala. 631.

The bill is also fatally defective in not alleging any fraud in the decree, nor anything prejudicial to the interest of the infant.—1 Danl. Ch. Pr. 230, and other authorities cited in the opinion of the chancellor.

GOLDTHWAITE, J.—It may be conceded that, under our decisions, there was no service against the infant defendant in the suit to foreclose (Hallett v. Walker, 1 Ala. 379 ; Johnson v. Hainesworth, 6 Ala. R. 443 ; Hodges v. Wise, 16 Ala.) ; and it is also clear, upon the authorities cited, that the appointment of a guardian *ad litem*, when service might have been, but was not, perfected upon the infant, is an irregularity which is fatal on error. But we do not understand these cases to go any further, although it is said in Hodges v. Wise, *supra*, that as the infant defendants were not before the court, the appointment of a guardian *ad litem* for them was nugatory. The question, however, there, was not whether the appointment was void, but whether it was an irregularity for

which the decree should be reversed. Here the question goes directly to the jurisdiction, and strikes at the power of the chancellor to make the appointment.

The Chancery Court is the general guardian of all infants within its jurisdiction, and by virtue of its general powers has authority to protect their rights, when defendants in that court, by the appointment of a guardian *ad litem ;* and it is proper that the chancellor, in making the selection of the guardian, should hear the nearest relative or protector of the infant, if under the age of fourteen, or the infant himself if over that age. For this reason, if the infant is not brought into court by service before the appointment is made, we hold it to be an irregularity sufficient to reverse the decree on error ; but we have found no case, which goes to the length of denying to the chancellor the power of making the appointment without service. The authority to do so results, as we have said, from the general powers which belong to the Chancery Court, and may be exercised whenever the fact of infancy is established and the infant is within the jurisdiction of the court.—Banta v. Calhoun, 2 A. K. Marsh. 166 ; Bustard v. Gates, 4 Dana 429 ; 8 B. Mon. 102 ; Caldwell v. Boyer, 8 Gill & J., 136 ; 15 Ohio 689. The improper exercise of this authority may be reviewed on error, but the act is not void, and the decree rendered could not, therefore, be attacked collaterally for the want of jurisdiction.

2. It is urged on the part of the appellant, that the decree was void, for the reason that the infant was not named in it, nor in the previous proceedings. We do not think the position can be sustained. It is true that parties are of the essence of every suit, and at equity as well as law, those who are complainants and defendants should be clearly presented as such ; but equity disregards form, and looks to the substance, more than courts of law. In the bill of revivor, the appellant is designated as the only infant son of Simon T. Preston, his name being unknown ; and the pleadings in the present suit do not deny that the complainant in that suit was the person against whom the bill of revivor was exhibited.— There is, it is true, a general allegation, that he was not made a party to the bill of revivor ; but his own bill shows that he was the posthumous child of Simon T. Preston, and his sole

heir-at-law ; and the record in the foreclosure suit, made part of the bill on the motion to dismiss for want of equity, shows that he was the infant against whom the bill of revivor was filed, and who, as we have held, was made a party by the appearance of his guardian *ad litem*. We have decided, that a decree in the Orphans' Court, in favor of the "legatees" of a testator, or the "personal representatives or legal heirs" of an intestate, or the "legal representatives" of a distributee, was void for uncertainty (Joseph v. Joseph, 5 Ala. R. 280 ; Turner v. Dupree, 19 Ala. 198 ; Kyle v. Mays, 22 Àla. 673) ; but the distinction between these cases and the present, is, that there the ascertainment of the parties involved a legal conclusion, while here it is a question of fact merely, which can be ascertained and made certain. Under these circumstances, we regard the designation of the party as sufficient.

Decree affirmed ; the appellant to pay the costs of this court.