# Stabler *v.* Cook.

*Bill in Equity to revise Guardian's Settlement..*

1. *Guardian's settement; what representation of, and notice to infant ward sufficient.*—An infant ward is not entitled to personal notice of a final settlement by her guardian; notice by publication is sufficient. Nor does the statute require that an infant over fourteen years of age should have the option of choosing her own guardian; and a settlement by a guardian will not,.

[Stabler v. Cook.]

be disregarded as void on these grounds, when the record shows that the ward was represented in court by a guardian *ad litem.*

2. *Same; presumption as to notice in.*—In such a case, where the record shows that notice was given as required by a former order, such former order not being set out, and the notice given not otherwise shown, it will be presumed in a collateral attack, that it was the proper notice.

3. *Same; binding force of, rule as to.*—A settlement with an infant ward, represented by a guardian *ad litem,* is as binding, unless the law declares a different rule, as a similar settlement made with an adult.

4. *Case reaffirmed.*—*Boswell v. Townsend,* in manuscript, followed as to requisites of bill to correct errors in probate settlement under § 2274 of Revised Code. (STONE, J., dissenting.)

APPEAL from Chancery Court of Monroe.

Heard before Hon. CHAS. TURNER.

This was a bill filed in May, 1874, by the appellee, Nancy J. Cook, who became of age in July, 1872, against the appellant, Stabler, and sought to annul or correct a settlement made by him as her guardian in the Probate Court in November, 1866, and compel a settlement in the court of chancery. The bill alleged that Stabler, as her guardian, had in 1857 received from the administrator of her father's estate a considerable sum of money as her distributive share, and that he had made a final settlement in the Probate Court in November, 1866, on which settlement he was improperly allowed a credit for the amount of the decree rendered against him in Confederate money, which the bill alleges was then utterly worthless. The bill also alleges that the appellee was at that time a minor over the age of fourteen years, and as such was entitled to choose her guardian *ad litem;* that no personal notice of said final settlement was ever given her. The record of the Probate Court in regard to such settlement is as follows: "This day came James Stabler, the guardian of said minor, and the same having been appointed for a final settlement of his acts as such guardian, and the notice required by a previous order of this court having been given; also came J. F. McCorvey, as guardian *ad litem* for said minor, and in open court consented to act as such guardian *ad litem;* and the account being examined and stated," &c.

The defendant incorporated in his answer a demurrer to the bill, because of the final settlement in the Probate Court. The chancellor decreed that the complainant was entitled to a settlement of the guardianship in the Chancery Court; and this decree is now assigned as error.

WATTS & WATTS, for appellant.

S. J. CUMMINGS, *contra.*

STONE, J.—There are two points of view in which the testimony in this record fails to explain fully the conduct of the guardian. *First*, he received and receipted for $1,084, moneys of his ward, February 28th, 1859. He lent money, including this as he alleges, to Henshaw, March 1st, 1861. It is not shown what he did with his ward's money during the two years. *Second*, in his deposition, Stabler testifies that in the loan to Henshaw, March 1, 1861, he "thinks about one thousand and twenty dollars belonged to Nancy J. Stabler," complainant in this cause. In his annual settlement of his guardianship, made June 24, 1861, there was found to be due from him to his ward seventeen hundred and seventy-six dollars. All of this, except the accruing interest—less than $50—was in his hands when he made the loan to Henshaw. The record not only fails to explain, but does not undertake to explain, what became of this non-invested fund of over seven hundred dollars. There is yet another point of view in which the testimony is unsatisfactory. It is not fully shown, nor positively asserted by Stabler, the guardian, that the Confederate money which he brought into court on his final settlement was the identical money he received from Torrey, paid for Henshaw.

The bill alleges that Stabler, the guardian, made a final settlement of his guardianship in the Probate Court; and this suit, which was instituted within two years after the complainant reached the age of twenty-one years, seeks either to disregard that settlement as void, and to compel the guardian to make a settlement, or to correct errors alleged to have been committed in such settlement. The averment of the bill on which appellee rests the argument that the settlement is void, is as follows: "That at the time of said final settlement, your oratrix was over fourteen years of age, and should have had personal notice, according to law, of said settlement; and she alleges that she had not legal notice thereof, and no legal and proper guardian to represent her interest in said settlement;" and a copy of the decree on the final settlement is exhibited with the bill; but the order made when the account was filed for settlement, setting a day for the settlement, and directing what notice should be given, is no where presented in the record. In the decree rendered on Stabler's final settlement as guardian, is the following clause: "And the notice required by a previous order of the court having been given; also came J. F. McCorvey, as guardian *ad litem* for said minor, and in open

court consented to act as such guardian *ad litem*, and the account being examined and stated," &c.

The argument here made is, *first*, that personal service should have been made on the minor ward. The statute does not require this.—See the following sections of the Revised Code: 2449, 2137, 2138, 2140, 2141, 2143: Only notice by publication is required. *Second*, it is contended that inasmuch as the infant was over fourteen years old, she should have had the option and opportunity of nominating her own guardian *ad litem*. The statute does not require this.—See Revised Code, § 2138. It is objected that the record does not inform us in what manner it was ordered that notice should be given, and, therefore, it does not appear that legal notice was given of the settlement in the Probate Court. To this we answer that, presented collaterally as the question is in this case, we presume the proper notice was required. Moreover, it was the duty of the complainant below, if she wished to raise this question, to set forth the order, that the court may determine whether or not the proper notice was required and given. We will not suppose error was committed in the Probate Court, merely because an incomplete record of that court fails to inform us what notice was required. Courts do not presume error.—1 Brick. Dig. 781, §§ 118, 119, 120; *Satcher v. Satcher*, 41 Ala. 26.

The record failing to show, in this case, that the statutory notice was not given by publication, the bill, even, failing to aver that the ward did not have actual knowledge of the fact, time and place of settlement, no irregularity in the settlement is any where shown. The infant ward was represented on the settlement by guardian *ad litem*, and no irregularity is affirmatively shown, or facts charged from which error can be inferred. A settlement with an infant ward, represented by guardian *ad litem* appointed according to law, is as binding as a similar settlement made with an adult, unless the law declares a different rule. The law, applicable to this class of settlements, does not prescribe a different rule.—*Waring v. Lewis*, 53 Ala. 615; *Preston v. Dunn*, 25 Ala. 507; *Hunt v. Ellison*, 32 Ala. 173; *Dow v. Whitman*, 36 Ala. 604.

Having reached the conclusions above expressed, it only remains for us to announce that the present bill is fatally wanting in very many averments, to bring it within the healing influence of sections 2451, 2284, 2275 of the Revised Code, under the most liberal construction that can be placed on these sections. The demurrer to the bill, as filed, should have been sustained.

According to the views of my brothers, I am convinced the bill in this case can not be amended so as to bring it within the influence of section 2274, Revised Code.—See *Boswell v. Townsend,* in manuscript. I do not concur with them in the construction of that section of the Code, but will not present my dissenting argument at this place. It results that no practical good can come of remanding this cause.

The decree of the Chancery Court is reversed, and the bill dismissed, at the costs of appellee's next friend.