### Morss *vs.* Morss.

One of three referees, before whom a cause is tried, can not be sworn and examined as a witness on the trial.

This was a motion to set aside a report of referees, on the ground that on the trial, one of the referees was sworn and examined as a witness by one of the parties, the other party objecting.

*By the Court,* Parker, J. On the trial of this cause before the referees appointed by this court, the plaintiff's counsel called as a witness, Mr. F. A. Fenn, one of the referees. He was objected to on the part of the defendant, on the ground that being a referee, he was incompetent as a witness. The objection was overruled, and the witness sworn and examined.

Inasmuch as no adjudged case can be found determining the question, it is important that we examine and decide whether, on a reference before three referees, one of them is a competent witness.

Referees act in the place both of judge and jury. They are to decide all questions, as well of law as of fact, that arise on the trial. All the referees must meet together and hear all the proofs and allegations of the parties ; but a report by any two of them is valid. (2 *R. S.* 481, 3*d ed.*) The statute also provides, in the same section, that "any one of the referees may administer the necessary oath to the witnesses produced before them for examination." Though the oath is in form administered by one of the referees, it is in truth the act of all, and it can only be done by the authority and in the presence of all of them. In this respect one acts as clerk of the board, just as the clerk of a court of record administers an oath at the circuit, by the authority and in the presence of the court. The former is the act of the board of referees, and the latter of the court. The former would be invalid in the absence of the other referees, as the latter would be in the absence of the judge.

It is singular that so little is to be found in the books on the subject of the admissibility as a witness, of a judge or a juror,

Morss v. Morss.

engaged in the trial of a cause. I have known one of a legal tribunal necessarily consisting of three persons, sworn as a witness by consent of parties; and I have several times seen a juror examined as a witness; but I have never known either to be done under objection. The competency of a judge rests upon different grounds from that of a juror.

A juror is to decide only questions of fact, and is examined before the cause is submitted to him. The objection to his competency rests on public policy. In all cases he has to pass upon his own credibility; and this difficulty would be greatly increased in case of his impeachment. He may refuse to answer, in which case his commitment would delay the trial. The party against whom he is called is subjected to a great disadvantage, for the juror may be expected to maintain unyieldingly in the jury box, the opinions he has expressed on the witness' stand. It may plausibly be objected, therefore, that respect for the feelings of the juror, and regard for justice to the parties should exclude the juror as a witness, and require the objection to be made on the calling of the jury, that the party need not suffer for the want of his testimony. It has, however, been supposed that a juror may be sworn as a witness. (1 *Stark. Ev.* 449. *Greenl. Ev.* § 364, *note.*) And so it was intimated at nisi prius in *Rex* v. *Roper*, (7 *C. & P.* 648,) and in *Manly* v. *Shaw*, (1 *Cur. & Marsh.* 361.) A recent English writer on the principles of evidence, (*Best on Ev.* § 169,) expresses the opinion that it is now fully settled that a juryman may be a witness for either of the parties to a cause which he is trying, and cites additional authorities in favor of the proposition.

But the objection to the competency of a judge as a witness rests on an entirely different ground. It goes to the power of the court—the power to administer the oath, to decide on a question of competency, or the admissibility of parts of the evidence, to commit for refusing to answer, and to exercise over the witness all the other powers of the court, which may be called into requisition for the protection of the rights of the party. The only adjudged case I have found on this subject, is that of *Ross* v. *Buhler*, (2 *Martin's Lou. R. N. S.* 312.) There the defendants

having need of the testimony of the district judge, prayed him to give it, but it was excluded, and the defendant excepted. On appeal, the court sustained the decision of the district judge. This decision was in accordance with the civil law, (*Lislet & Carleton*, 200,) where in Partid. 3, tit. 16, l. 19, it is laid down, " And we moreover say that a judge can not be a witness in a suit which he has already decided, or which he has to decide ; but he may give evidence as to what passed before him as a judge when thereto required by the king, or the supreme judges, who have cognizance of the appeal."

Such was also the law of Scotland. In Stairs' Inst. Book 4, tit. 2, sec. 33, it is said : " The knowledge which the judge himself may have of the truth of the fact, makes no proof, for he can not be both judge and witness in the same cause, and he must give his sentence, *secundum allegata et probata*. But his knowledge of the notoriety is sufficient, unless it be over-ruled by pregnant contrary evidence." It is stated in Ersk. Inst. Book 4, tit. 2, sec. 33, as follows : " But the particular knowledge of the judge is not probative ; for the judge must proceed *secundum allegata et probata*, and can not be both judge and witness in the same cause, upon particular knowledge ; and yet his knowledge of the notoriety is sufficient, but so that the notoriety may be regarded by a stronger positive probation, if it be in due time prepared and proved ;" and again, " Albeit, judges can not be both judges and witnesses, not only in the same point but even in the same cause, (which is introduced that the power of judges be not too much increased,) yet it reaches not to notoriety ; or to what is done in presence of the judge in judgment, as what he sees and hears ; for these are counted as *notour*." But at a later day it was denied that even notoriety within the knowledge of the judge was evidence before him, (*Glassford on Ev.* 602,) where it is said, " But notoriety to the court, unless it is a matter having recently happened in their own presence, is not sufficient, for the same person may not be judge and witness also." And this is approved by a later writer, (*Tait. on Ev.* 432,) who says " Lord Stair, and after him Mr. Erskine, seem to consider the judge's knowledge of the

---

Morss *v.* Morss.

---

notoriety admissible proof of that fact; but Mr. Glassford lays down an opposite doctrine, upon the general principle that a judge can not act as a witness, and it rather appears that his opinion is correct."

All these writers agree that "the particular knowledge of a judge is not probative," for the reason that he can not be both judge and witness; and it is not material to the question we are examining, whether he can avail himself of his knowledge of notoriety, though the latter opinions exclude that also. (*Cowen's Tr.* 662. *Hopkins* v. *Cabrey*, 24 *Wend.* 264.) So generally does this rule seem to have been acquiesced in, that Prof. Greenleaf says, (*Green. Ev.* § 364,) "It seems now to be agreed, that the same person can not be both witness and judge in a cause which is on trial before him. If he is the sole judge, he can not be sworn; and if he sits with others, he still can hardly be deemed capable of impartially deciding on the admissibility of his own testimony, or of weighing it against that of another." (*See also Cowen & Hill's Notes to Phil. Ev.* 60; *Best on Ev.* 170; *Taylor's Ev.* § 1011.)

In England it is said to be no objection to the competency of a witness, that he is named as a judge in the commission under which the court is sitting. (*Best on Ev.* § 170. 2 *Hawk. P. C.* ch. 46, § 17. *Rex* v. *Hacker, Kely.* 12. 11 *How. St. Tr.* 459.) But Best says a distinction has been taken with respect to the judge who is actually trying the cause. (*Citing Green. Ev.* § 364. *Taylor's Ev.* § 1011.) In Sir John Kelying's Reports, 12, we are told that on the trial of the Regicides in 1660, Secretary Morris and Mr. Amesly, president of the council, were both in commission for the trial of the prisoners, and sat upon the bench; but there being occasion to make use of their testimony against Hacker, one of the prisoners, they both came off the bench, and were sworn and gave evidence, but it is further stated that "they did not go up to the bench again during that man's trial;" and this shows that there was a legally constituted tribunal without them, and therefore the case has no applicability to the question under examination. So too it is the practice of the English house of lords, on the trial of a no-

bleman, that any one of the peers may be sworn as a witness. (*Ld. Staff. case,* 7 *How. St. Tr.* 1384, 1458, 1552. *Earl of Macclesfield's case,* 16 *Id.* 1252, 1391.) But in that case also there was the requisite number of peers sitting at the same time to constitute the court, exclusive of the peer under examination as a witness. The question of the power of the court was not raised. If two referees were competent to act without the presence of a third, the cases would be parallel.

In cases of trial before justices of the peace, the statute (2 *R. S.* 342, 3*d ed.*) has provided, that in case the defendant, before the joining of issue, shall make an affidavit showing that the justice is a material witness for him, without whose testimony he can not proceed to trial, the justice shall discontinue the cause without costs to either party. This statutory provision would not have been necessary, if there had been power to take the testimony of the justice before himself. Such a provision was necessary in regard to a justice's court, to protect the rights of the defendant; but not in regard to courts of record, where the defendant can always have relief by putting off the cause at the circuit, on an affidavit setting forth the facts. An affidavit showing that the judge was a material witness, would be sufficient to authorize the judge to decline trying the cause, and to leave it to be tried when some other judge should hold the circuit. A similar statutory provision was unnecessary in regard to referees, because the party can always make the objection at the time of their selection, and thus see that no one is appointed who may be needed as a witness. In *Perry* v. *Weyman,* (1 *John.* 520,) a judgment rendered in a justice's court was reversed because the justice who held the court was himself sworn as a witness by another justice, who attended for that purpose. (*Cowen's Tr.* 879.)

In examining this question upon principle, there seems to be the same difficulty, whether the court consists of one judge or of three, all of them being necessary to constitute the court. In the latter case, if one of the judges be called as a witness, there are but two judges left to administer the oath, to decide upon his competency if he be objected to, and to decide ques-

Morss *v.* Morss.

tions as to the relevancy of his testimony. If he refuses to answer, there are but two judges to commit him for contempt. Two-thirds of a court can not form a legal tribunal. The party has a right to three judges, the number prescribed by statute. Can it be said that there are three judges when one is under examination as a witness—or in the prisoner's box, on a proceeding for contempt in not answering? When thus proceeded against he becomes a party, and may be heard in his defense either in person or by counsel. Can it be said, that under such circumstances, he still, by his presence, forms part of the court, and gives validity and jurisdiction to its proceedings? And is it not absurd to say that he still forms part of the court, when the two judges still on the bench commit him for contempt? The statute has declared the qualifications of judges, and will not allow one to sit in any cause to which he is a party, or in which he is interested. (2 *R. S.* 373, 3*d ed.*) If one judge, holding a court alone, can not be both judge and witness, it seems to me to be equally clear upon principle, that a judge can not, who is one of three judges necessary to constitute a court. The two characters are inconsistent with each other, and their being united in one person is incompatible with the fair and safe administration of justice.

I have shown that the objection to a juror's being a witness, rests mainly on a question of public policy, and that the objection to a judge being sworn depends on an additional and different ground, viz. that of want of power to discharge the duties of a court while acting as a witness. But these objections combined apply in full force to the case of a referee who is to discharge the duties of both judge and jury. He decides both the law and the fact. The referees must have full power to decide upon the competency of every witness and the relevancy of every question; and where a cause is referred to three referees, that full number must be present, free from all bias, and competent to decide every question of law presented. And public policy strongly demands, as in the case of a juror, that they should be equally indifferent and unbiased as to all the evidence, and every question of fact before them for decision.

I think the referees erred in allowing one of their board to be examined as a witness, and that the report should, therefore, be set aside.

Report of referees set aside and a new trial ordered.

[ALBANY GENERAL TERM, September 1, 1851. *Harris*, *Watson* and *Wright*, Justices.]