## FIELDEN *a.* LAHENS.

*New York Superior Court; At Chambers, January*, 1862.

### SETTLEMENT OF CASE.

The settlement of a case is a judicial and not a ministerial act.

Where, on appeal from the determination of three referees, the case was settled by two of the referees in the absence of the third, and without notice to him ; —*Held,* irregular, and that the case must be sent back for resettlement.

Motion to set aside the settlement of a case as irregular, and to send it back to the referees for resettlement.

This was an action of assumpsit, commenced in 1844. The action was delayed by the execution of commissions in Europe, and other causes, until April, 1854, when the issues were referred to three referees to hear and determine.

The referees dismissed the complaint. The plaintiffs excepted to the report of the referees, both to the findings of fact and conclusions of law ; and having appealed to the general term of this court, prepared and served a case or exceptions, upon which to move for a new trial. The defendant's attorneys prepared and served amendments to the proposed case, requiring the incorporation into the case of a large body of evidence, claimed to have been omitted, and to be necessary in the presentation of the whole case to the appellate court. Notice of settlement of the case by the referees was duly given, and two of the referees met and settled the case, rejecting all, or nearly all, of the amendments proposed by the defendant's attorney and counsel. The third referee, who was present on the trial and decision of the case, was not present, and did not participate or concur in the settlement of the proposed case and

amendments, and did not know of the settlement, until after the same had been completed and filed.

A motion was now made to set aside the settlement of the case as irregular, and to send it back to the referees for resettlement.

*William W. Vanwagenen* and *T. James Glover*, for the motion.

*Jer. Larocque*, opposed.

Monell, J.—The Revised Statutes (2 *Rev. Stat.*, 384, § 46), require that all the referees shall meet together and hear all the proofs and allegations of the parties, but a report by any two of them is valid. In all proceedings, therefore, connected with the trial before referees, all the referees must be present, not only to hear the proofs and allegations of the parties, but in their deliberations upon the evidence, and in making up their report.

It becomes, however, a question, whether the same necessity exists for all the referees to be present, in the settlement of a case and amendments, upon which it is proposed to review their decision. The early practice, in motions to set aside the reports of referees, was, for the moving party to prepare and serve an affidavit of the evidence and proceedings before the referees: the opposing party, if dissatisfied therewith, prepared a counter-affidavit, and upon these affidavits the motion was heard. The court had the power to require the referees to report their decisions in admitting or rejecting evidence, and all the proceedings and testimony before them. (2 *Rev. Stat.*, 384, § 47.) At a later day, the Supreme Court, by rule, provided that, upon affidavits being served, either party might give notice of appearance before the referees, for the purpose of settling the facts. The referees, on being served with the affidavits, made a full report of the evidence, and their proceedings on the reference. Such report was conclusive evidence of the facts stated, and upon it the motion to set aside the report had to be determined. By the Code, the decision of referees is to be reviewed in the same manner as the decision of the court. The party desiring a review, either of questions of fact, or of law, must make a case or exceptions. The opposite party may propose amendments, and the case and amendments must be settled by the referees. (Johnson *a.* Whitlock, 13 *N. Y.*, 344.)

What then is a settlement of a case? Is it a mere ministerial act, or is it so far judicial, or quasi judicial, as to suppose or require the decision or determination of the mind upon some matter or thing? Frequently, amendments demand the insertion of evidence claimed to have been omitted, or to strike out other erroneously inserted, or to correct the evidence as stated, or to insert or strike out exceptions or rulings of the referees. If the determination of these various questions is the mere effort of the memory, as to whether they did or did not occur on the trial, and requires no exercise of the mind, it may be that the act is purely ministerial in its character. But I cannot bring myself to believe that the passing upon disputed questions, as to whether evidence was or was not given, partakes of no quality constituting it a judicial act. If it is a judicial act, all the referees must be present to participate in the judicial decision. And even if it is the act of memory alone, it is equally necessary, that the memories of all should be taxed, to approximate to a correct result.

Formerly, counsel were allowed to appear before the judge upon the settlement of a bill of exceptions, and argue for or against the amendments. (Root a. King, 6 *Cow.*, 569.) If to argue, then there was something to decide; something more than for the judge to refer to his notes, and allow or disallow the amendment.

In Morss a. Morss (11 *Barb.*, 510), PARKER, J., says, "Referees act in the place of judge and jury. They are to decide all questions, as well of law as of fact, that arise on the trial." The question was, whether one of three referees could be examined as a witness on the trial. The learned judge holds, that all the referees are necessary to constitute the court. And, at p. 515, he says, "Two-thirds of a court cannot form a legal tribunal. The party has the right to three judges, the number prescribed by statute."

Without pursuing the subject further, I am fully satisfied that the act of settling a case is judicial and not ministerial, and that a party has the right to require the presence of all the referees, and that a settlement by two only is irregular.

The case must, therefore, be sent back for resettlement. Costs to abide the event.