By the Court.*—Spencer, J.
The report of the referees, in the several actions, should be set aside for error and irregularity in the manner of making the same.
It clearly appears to me that no decision or conclusion in either of the cases was ever reached or agreed to by the referees at any time when they or any two of them were together. At the conclusion of the conference they had on June 6, 1870, they separated without any decision or conclusion being readied or announced to each other by any two of them. It appeared that they separated with the im *281 pression that a conclusion or report could not be made, because of a diversity of opinion among them. It matters not how that impression was created. Its existence determines the fact that, at the time of their separation, they had not, nor had any two of them, agreed upon any conclusion or decision in either of the cases.
Each had concluded that a decision could not be made, and none was made.
They never afterwards met as referees; never conferred together on the subject matter of the reference ; never agreed as to any conclusion in the premises, when together—nor did any two of them, when together, agree to any conclusion or upon any report in the cases.
The attorney or counsel for the several defendants, drew up a formal report, which two of the referees signed, without any conference or coming together or agreeing together at the same time and place, upon the conclusions of fact and law embodied in the report. I hold this action to be irregular and improper on the part of the referees in the performance of their duties, and of sufficient importance in the way of error on their part to authorize and justify this court in vacating and setting aside their report.
I fail to discover any breach of good faith in this matter on the part of the referees or the attorney for the defendants. I have no doubt they each meant to act legally and properly in the premises, and supposed they were so doing in all respects ; but I think it very clearly appears by the testimony that this report would not have been made by the two referees, unless they had been stimulated by the advice and energetic action of the defendants’ counsel, all of which appears to have reached and affected each of them separately, and in the absence of the other or others, and also in the absence of plaintiffs’ counsel.
*282 The regular and proper course for the defendants’ counsel to have pursued in the premises would have been to have obtained another meeting of all the referees, if practicable, and to have advised or claimed a report from a majority, in the presence of opposing counsel.
I hold that in all reference cases there must be a conference of all the referees. That there must be a substantial conclusion agreed to between at least two of the referees upon the several questions of law and fact, necessary to be embodied in the report at such conference, or when they are together; and I am much inclined to believe that the written report should be considered and signed by them at the same time and place, although this latter conclusion may be deemed extended and doubtful under the decisions. I can find no special case that I consider authoritative and decisive, as a precedent to guide the conclusions of the court in this case, although the principle that should govern the same clearly appears.
The Code and statutes prescribe that all the referees shall hear all the proofs and allegations of the parties, and provide that any two of them may make a report in the case. The expressed opinions of the judges in the cases upon this subject seem to hold that the referees must all meet and confer together, and conclude upon their decision and findings in the case, upon those proofs and allegations ; but they are silent upon the legal points involved in this case.
1. After the hearing of a cause before three referees, and after a consultation in which they or any two of them fail to agree upon a conclusion in the case, or decide upon any findings of law or fact whatsoever, can two of them afterwards, without another meeting of all, agree to a conclusion and make a report without a conference or consultation of all the referees ? or,
2. As in this case, after separating without agree *283 ing to any conclusions of fact or law as a basis of a report, and without agreeing to report at all, except the fact of a disagreement, can two of these referees make a report, by signing separately formal written conclusions of fact and law, without meeting together and agreeing together to make and sign the same, and without any further meeting of all the referees ?
3. Can referees, or two of them, make. and sign a formal report and decision of the case, separately, and at different times and places? I am clearly of the opinion that the first and second queries should be answered in the negative, and that is sufficient for this case.
Referees should be held to a strict and impartial performance of their duties, and if this high standard should be extended to making and signing their report at the same time and place, I can see no wrong thereby to be done, and much to be avoided. I hold the practice illustrated in this case to be irregular and erroneous, and contrary to the principles that should govern reference cases ; and I hold this without suggesting a suspicion as to the good faith and intention of the referees in the premises, and without reference to their subsequent agreement or present opinions as to the correctness of their conclusions in the case.
The approval of such a practice would open the door widely for the perpetration of great frauds, and for the practice of improper influence upon the actions of referees.
I take this opportunity to say that I hold as an opinion of the proper practice in like cases, that after the submission of a controversy, a referee should not consult with nor receive any suggestion or advice from any of the parties or their respective counsel, in regard to the subject matter of the reference, of to his finding or report therein, except in the presence of the opposing party or his qounsel.
*284 Referees, like judges, should avoid even the appearance or suspicion of unfairness or prejudice m the performance of their duties, and in all cases when they deem it necessary to hear the views of counsel, or obtain their assistance in regard to the case, or as to the form and substance of their report, they should exercise their undoubted power and privilege, by calling the respective counsel of both parties before them for that purpose, or request each of them to furnish a proposed formal report that should be made upon the general conclusions they have reached in the cause.
This report must be set aside, the order of the special term reversed, the order of reference vacated, and a new trial ordered; costs to abide the event of the same.
McCunn, J.
These cases were referred to three referees—one of whom was Hon. William Mitchell, counselor at law. The others were F. B. Thurber and Thomas Houston, grocers. The proofs were submitted on July 5. On July 6 the referees met for consultation and decision, and being unable to come to a satisfactory conclusion, they adjourned sine die. This is not disputed. On the twenty-ninth of said month, Thurber and Houston were approached separately by defendant’ s counsel, and after some advice on his part, the two referees, Thurber and Houston, signed, at different times, and not in the presence of each other, and not at the place where the reference was formerly held, but at their different places of business, a report drawn by defendant’s counsel in said defendant’s favor. This is not disputed, but is admitted in the affidavits of Mr. Ellis and of the two referees, Thurber and Houston. There was no consultation whatever among the referees after the meeting of July 6, and, as I have said before, the concurrence of Thurber and Houston in'their report was effected through the defendant’s counsel, he being *285 the medium of communication, so that no decision was reached by the grocer referees until July 29, the date of their report, and that decision was made without any consultation or unison with each other. Now if this course could be sanctioned, there would be an end of all fairness in the trial by referees. I do not doubt, for one moment, that if Judge Mitchell had been notified, and then not attended, and a report had been made by the others in his absence; or if he bad attended and had disagreed, that then the judgment upon the report of the two would have been correct. But to allow referees,— and laymen at that,— to separate without coming to a conclusion, and then to allow two out of three of such referees to meet with counsel at different parts of the country and not together, and in the absence of each other, and in the presence and under the direction of the counsel in whose favor the report is made, only, would be dangerous doctrine. All modes of trial known to the common law require not only deliberation on the part of the triers, but also unanimity in their judgment. Indeed, section 272 of the Code declares that trials by referees shall be conducted “in the same manner as trials by the court.” Now in a trial in court, a judge and jury all must agree, and all be present before a verdict can be rendered. So must it be with referees; if aE do not agree, at least all must be present, so that a majority can agree. Even in the ancient action of account, it was the practice to appoint two auditors, and both auditors always joined in the judgment (Smith v. Smith, 2 Chitty, 10).
It was held in the case of Green v. Miller (6 Johns., 39), that all the arbitrators must join in the award. And this doctrine was clearly established in regard to referees in the cases of McInroy v. Benedict (11 Johns., 402); and Brower v. Kingsley (1 Johns. Cas., 334). Moreover, I deem this question to be settled by this court in the case of Fielden v. Lahens, where Mr. Justice Monell held that “In all proceedings connected *286 with the trial before referees, all the referees must be present, not only to hear the proofs and allegations of the parties, but in their deliberations upon the evidence and in making up their report.” It is a well established doctrine, that where any judicial act is to be done by two of more persons, all who engage in the act must be present together at the time of executing, or they must be legally notified to be there (King v. Forrest, 3 Term, 39; Billings v. Prinn, 2 Wm. Blacks., 1017; Morss v. Morss, 11 Barb., 510; Corning v. Slosson, 16 N. Y., 294).
Again, the court cannot feel assured that the reports are such as the referees would have made if left to their own deliberations. It is urged, but with no force whatever, that the two referees, Thurber and Houston, had agreed with each other at the last meeting held with Judge Mitchell. They may have agreed individually, each in his own mind, that the complaints, should be dismissed, and may have communicated that fact to each other; but, notwithstanding, they and Judge Mitchell did not agree to that report; nor did the two lay referees agree with each other to overrule Judge Mitchell before they separated; on the contrary, they agreed to and did separate without agreeing, and left each other’s presence without such agreement. They say, moreover, they were induced to do so by something which Judge Mitchell told them. I care not what they disagreed about, nor the cause of their separation. It is enough that they did not agree, and that no meeting of any kind, either with two or three referees, was held after that. In the absence of such a meeting, a report made and carried' out as this one was should be promptly set aside.
Spencer, J.—I concur.
Orders accordingly.
The defendants appealed to the court of appeals, when the plaintiff (Osborn E. Bright, of counsel), took *287 the objection that the orders were not appealable, because they involved an exercise of discretion.
The court of appeals dismissed the appeals, and the dismissal was understood to be upon that ground.

 Present, McCunn and Spencer, JJ.