# Estes *et al. v.* Bridgforth.

## Contest of the Probate of a Will.

1. *Competency of judge as witness in proceedings before himself.*—A
judge is incompetent to testify as a witness in a cause or proceeding
being tried before him; and, therefore, a probate judge cannot testify
as a witness in a proceeding pending before him for the probate of a
will.

2. *Guardian and ward; same person should not be appointed
guardian ad litem for minors having adverse interests.*—In a proceed-
ing where there are minors whose interests are directly antagonistic,
the same person should not be appointed guardian *ad litem* for all
of such minors; he being incapable of representing the adverse
interests.

3. *Service of process upon minors who are parties to proceeding.*—
The service of process upon minors who are parties to a proceeding
should be upon either the parents or upon their guardian; and, there-
fore, the return of a summons to infant parties should show its serv-
ice upon the parent or guardian.

4. *Contest of a will; evidence of suit brought against testator by
parents of one of the contestants admissible.*—In a contest of the
probate of a will, where the issue is whether the testator was unduly
influenced by the proponent, evidence that a suit was brought against
the testator by the parents of one of the contestants, together with
declarations of the testator that he was very much annoyed thereby,
is admissible as tending to show the feeling of the testator towards
such contestant; but such evidence should be limited in its applica-
tion to the contestant whose parents instituted the suit,

5. *Same; acts of deceased son of testator inadmissible.*—In a pro-
ceeding to contest the probate of a will, where the ground of the
contest is undue influence exercised by the proponent, evidence of
the wrongful acts of one of the children of the testator, who died
before the execution of the will, is irrelevant and inadmissible.

6. *Same; what is undue influence.*—Undue influence which will

[Estes *et al.* v. Bridgforth.]

avoid a will must amount to coercion or fraud, destroying the free agency of the testator and constraining him to do what is against his will, and it is not necessary that physical force be shown.

APPEAL from the Probate Court of Limestone.

Heard before the Hon. JAMES E. HORTON.

The proceedings in this case were had upon a contest as to the probating of the last will and testament of James W. Bridgforth, deceased. The will was offered for probate by the appellee, William Bridgforth, a son of the testator, and was contested by the appellants, who were children and heirs-at-law of other children of the testator. The grounds of the contest were undue influence and mental incapacity to make a will.

The contestants offered evidence tending to show that the testator was unduly influenced by the proponent to make the will offered for probate, in which the principal portion of the testator's estate was bequeathed to the proponent, and his other children and grandchildren were disinherited. There was other evidence introduced tending to show that at the time of the execution of the will the testator was of unsound mind.

The evidence for the proponent was in conflict with this, and tended to show that there was no undue influence exercised by the proponent over the testator ; and that at the time of the execution of the will, he was of sound and disposing mind.

The will sought to be probated was dated October 2, 1895. Upon the examination of one of the witnesses for the proponent, he was asked by the proponent if the father and mother of Ida Witt, one of the contestants, had not brought a suit against the testator soon after the war for a legacy of one thousand dollars, which was due the mother of Ida Witt from the estate of her grandfather, through the testator. The contestants objected to this question, on the ground that it called for immatarial, illegal and irrelevant evidence. The court overruled the objection, and the contestants duly excepted. The witness answered that the testator told him in August, 1895, that such a suit was brought. Contestants objected to this evidence, upon the ground that it was immaterial, irrelevant and illegal, and duly excepted to the court's overruling their objection. Other witnesses for the proponent testified, against the objec-

tion and exceptoin of the contestant, that the testator had told them that such a suit was brought against him by the mother of Ida Witt, and that he was very much annoyed thereby.

Upon the examination of another witness for the proponent, he was asked, "Whether or not Jack Bridgforth (a son of the testator, who died before the execution of the will) a while before he died, took notes to himself for stock that belonged to the testator, the notes being among Jack's papers when he died?" Contestants objected to this question, because it called for evidence which was irrelevant and illegal and for matters that were *res inter alios acta*. The court overruled the objection, and contestants duly excepted. Against a similar objection and exception on the part of the contestants, the witness testified that Jack Bridgforth did take such notes in two or three instances. The other rulings of the court upon the evidence are sufficiently shown in the opinion.

Upon the introduction of all the evidence, the court, at the request of the proponent, gave to the jury the following written charges, to the giving of each of which the contestants separately excepted: (1.) "The jury must find that in addition to confidential relations the proponent must exercise some active interference in the preparation or execution of the will to raise the presumption of undue influence on his part." (2.) "The influence or affection or desire to gratify the wishes of another is not sufficient for that purpose, that is to produce undue influence, but it must be shown to amount to force and coercion, destroying the free agency of the testator." (3.) "If the jury believe from the evidence that at the time of making this will that Mr. Bridgforth was of sound and disposing mind, it is presumed that it was his voluntary act, and the burden of proof is upon the contestants to show that there was undue influence used." (4.) "Before the jury can find that there was undue influence used by the plaintiff, they must find that it was of such character as to overpower the will of the testator and substitute another will." (5.) "If the jury find from the evidence that the testator at the time of making this will, that his mind was sufficient to know what business he was attending to, the property he was disposing of, to whom he was bequeathing the same, then in contemplation of law, he was of sound mind and could make a will."

[Estes *et al.* v. Bridgforth.]

The jury returned a verdict in favor of the proponent, and the court rendered judgment establishing and admitting to probate the will and testament in controvery. From this judgment the contestants appeal, and assign as error the several rulings of the trial court to which exceptions was reserved.

McClellan & McClellan and W. T. Sanders, for appellant.—The citation to the children of the appellee, who were under 14 years of age were served upon the minors themselves, as was also the citation to his children who were over 14 years of age. There was another citation issued to all of the children of appellee, except one of them who was under 14 years of age, and that was served on their guardian, William Bridgforth. This citation was acknowledged by William Bridgforth in his individual capacity.

Thus it will be seen that a considerable number, if not all of the infants, who should have been made parties, were not validly served with notice of the contest; and that, therefore, the decree was rendered in the absence of a large number of material parties. When this occurs, "and the cause can not properly be disposed of on the merits, without the presence of the absent parties, the objection may be made at the hearing, or on error, or it may be taken by the court *ex mero motu*." 3 Brick. Dig. 373, § 97. See also *Prout v. Hoge*, 57 Ala. 28; *McCully v. Chapman*, 58 Ala. 325; *Bibb v. Hawley*, 58 Ala. 403; *McDonald v. McMahon*, 66 Ala. 115; *Sawyers v. Baker, Ib.* 292; *Hutton v. Williams*, 60 Ala. 107; *Watson v. Oates*, 58 Ala. 647; *Dooley v. Villalonga*, 61 Ala. 129; *Wilkinson v. May*, 69 Ala. 33; *Boyle v. Williams*, 72 Ala. 351; *Lawson v. Alabama Warehouse*, 73 Ala. 289; *Powe v. McLeod*, 76 Ala. 418; *Bell v. Hall, Ib.* 546. The law in this State makes it imperative that infants shall be represented by a *guardian ad litem*.— *Roach v. Hix*, 57 Ala. 576; *Stammers v. McNaughten, Ib.* 277.

2. The evidence as to a suit against the testator by the parents of Ida Witt, one of the contestants, was inadmissible. Such evidence was manifestly irrelevant and illegal, and did not bear upon any issue in the case. Its only effect was to serve to confuse and mislead the jury. Evidence must be relevant to the issues, and tend

to prove or disprove them.—*Wharton v. Cunningham*, 46 Ala. 590 ; *Trammell v. Hudmon*, 56 Ala. 235 ; 3 Brick. Dig. 246, § 291.   Evidence must have a *proximate* tendency to establish the proof or disproof of some issue in the case, ''and must not be so indefinite or speculative as to be incapable of affording the jury a reasonable presumption or inference of its truth or falsity.''—*Brewer v. Watson*, 65 Ala. 88.

3.   The presiding judge was incompetent as a witness in the cause.   The authorities are all agreed that a presiding judge may not become a witness during the progress of a trial.   If he is the sole judge he can not be sworn.—*Morss v. Morss*, 11 Barb. 510.   In this case of *Morss v. Morss* it was held that the "competency of a judge as a witness goes to the power of the court, the power to administer the oath, to decide on a question of competency, or the admissibility of parts of the evidence, to commit for refusing to answer, and to exercise over the witness all the other powers of the court which may be called into requisition for the protection of the rights of the party.   See *Dabney v. Mitchell*, 66 Ala. 495.   One can not occupy the position of witness and judge at the same time.—*People v. Miller*, 2 Park. Crim. Rep. 197 ; *Maitland v. Zanga*, (Wash.) 44 Pac. 117.   When a judge becomes a witness during the progress of a case over which he is presiding, the court is disorganized. *Dohring v. People*, 2 Thomp. & C., 458.   See also 31 L. R. A., page 465, and note on pages 465 and 466.

4.   The charge as to what was necessary to constitute undue influence was erroneous and should not have been given.—*Higginbotham v. Higginbotham*, 106 Ala. 314; *Bancroft v. Otis*, 91 Ala. 279 ; *Eastis v. Montgomery*, 93 Ala. 293 ; s. c., 95 Ala. 486 ; *Burney v. Torrey*, 100 Ala. 157.

J. J. & W. H. TURRENTINE, *contra*.—If there was error, it was error without injury, in the presiding judge testifying as a witness.   It was impossible for it to have affected the verdict.—1 Brick. Dig., 780, § 100 ; 3 Brick. Dig., 406, § 25.

The charges as to undue influence assert correct propositions of law.   To establish the fact of undue influence, it must be shown, in some legitimate way, that the will of the testator was supplanted, and thus

amount to force or coercion. Not necessarily physical force or physical coercion. But force equal to the task of supplanting the testator's will.—*Burney v. Torrey,* 100 Ala. 157; *Henry v. Hall,* 106 Ala. 84; *Chandler v. Jost,* 96 Ala. 596; *Higgenbotham v. Higginbotham,* 106 Ala. 314.

COLEMAN, J.—The appellee, William Bridgforth, offered for probate an instrument purporting to be the last will and testament of James W. Bridgforth, which was contested by the appellants. The appeal is prosecuted from certain rulings of the court made during the trial, to which exceptions were reserved.

The contestants offered in evidence a written instrument executed by testator in which the "Estes children" were recognized to be "equal in all matters of division of his estate," &c. In rebuttal, against the objection of the contestant, the proponent examined the judge presiding with reference to a conversation he had with testator in regard to the instrument, and its legal effect, and stated that at the request of the testator he then and there, endorsed thereon "that this matter was all settled in my presence," and he signed the endorsement.

In the case of *Dabney v. Mitchell,* 66 Ala. 499, 503, this court used the following language: "Though, as is said by PARKER, J., in *Morss v. Morss,* (11 Barb. 510),there is but little to be found in the books on the subject of the competency of a judge to testify in a matter pending before him, it is laid down as a general rule in the elementary books, that he is incompetent, and, so far as we have found adjudications, they support the rule.— 1 Whart. Ev., § 400; 1 Greenl. Ev., § 364; *Morss v. Morss,* 11 Barb. 510; *Ross v. Buhler,* 2 Mart. N. S. (La.) 312; *McMillan v. Andrews,* 10 Ohio St. 112." It is impossible to estimate the weight and influence of the testimony of a witness with a jury, in a cause in which the witness presides as judge. The written instrument, signed by the testator, was before the jury. Its weight was necessarily more or less weakened by the testimony of the judge. He decided that his own evidence was relevant and competent, and then testified.

The minor children of petitioner were beneficiaries under the will and directly interested in having it pro-

bated. The minor children of Estes were heirs and entitled to distribution in case the will was not probated. The interest of the latter was directly antagonistic to that of the former. The same guardian *ad litem* should not have been appointed to represent these adverse interests.

The abstract does not contain the return of the sheriff showing the manner of the service upon the minors who were parties to the proceedings. The return of the summons ought to show its execution upon the minors, by service upon the parent or upon the guardian for such minor. Rules 23 and 26 apply to chancery practice.

We are of the opinion the evidence relative to the suit instituted by the parents of one of the appellants against the testator was properly admitted, when considered in connection with the declarations of the testator relative thereto, made recently before his death. Whether the inimical animus of the testator towards his grand-children, if such existed in consequence of this suit, naturally resulted from this cause, or was the effect of improper influences exciting an unjust prejudice, was a question for the jury. Though remote, the evidence had its bearing upon the issue of undue influence. The evidence should have been limited in its application to the child of those who instituted the suit.

We cannot see the relevancy or legality of the evidence which tended to show, that one of his children, Jack Bridgforth, took notes payable to himself, for the purchase money of property sold by him, which belonged to testator. It should have been excluded.

Undue influence may be shown without evidence of physical force. These questions, and the law applicable to undue influence, have been so often promulgated, that we deem it unnecessary to do more than cite the authorities.—*Bancroft v. Otis*, 91 Ala. 279; *Burney v. Torrey*, 100 Ala. 157; *Eastis v. Montgomery*, 93 Ala. 293; *Knox v. Knox*, 95 Ala. 495.

For the errors pointed out, the judgment is reversed, and the cause remanded.