## RHETT ET AL. *vs.* MASTIN, TRUSTEE.

[BILL IN EQUITY BY TRUSTEE FOR ACCOUNT WITH CESTUIS QUE TRUST, AND FOR AUTHORITY TO PURCHASE LANDS WITH TRUST FUNDS.]

1. *Chancery ; infant defendants in, how made parties.*—It is error to proceed in chancery against infant defendants, without the appointment of a guardian *ad litem* for such infants, when they have no general guardian.
2. *Same ; guardian ad litem, how appointed ; upon what proof.*—Such guardian *ad litem* can only be appointed by the register, upon affidavit of the fact of infancy, and of the minor's age, or on the statement of such facts in a sworn bill.

APPEAL from Madison Chancery Court.
Heard before the Hon. S. K. MCSPADDEN.

THE facts of the case appear sufficiently in the opinion.

The errors assigned are : 1. The chancery court erred in proceeding without service of summons on the appellants, Martha P. and Catherine M. Barnard.

2. In proceeding without service of summons, on said Martha P. and Catherine M. Barnard, in the mode prescribed by the rules of practice.

3. In the appointment of a guardian *ad litem* for said appellants, Catherine M. and Martha P. Barnard, they not having been served with summons.

WALKER & BRICKELL, for appellants.—1. The first assignment of error, to which we direct the attention of the court, is, that a guardian *ad litem* was appointed for the appellants, Catherine M. and Martha P. Barnard, shown by the bill to be infants, without proof of their infancy, and on this appointment the cause progressed to a final decree. The allegations of the bill are not verified. This is a palpable violation of the 23d rule of chancery practice, and vitiates the decree. In *Erwin v. Ferguson*, 5 Ala. 158, this court says : "The record does not disclose

that there was any actual proof of the minority of these parties, (who were alleged in the bill to be infants,) and for that reason, if for no other, the judgment, upon the authority of that case, must be reversed," citing *Walker v. Hallett*, 1 Ala. 379 ; and this language was used in reference to a decretal order appointing a guardian *ad litem.* Irregularity in the appointment of a guardian *ad litem*, may be assigned as error, and will work a reversal.—*Bondurant v. Sibley*, 37 Ala. 565 ; *Clark v. Gilmer*, 28 Ala. 265 ; *Walker v. Hallett*, 1 Ala. 379 ; *Erwin v. Ferguson*, 5 Ala. 158.

2. The record of a decree in chancery must affirmatively disclose the evidence necessary to sustain it. Of the allegations of the bill, of the facts essential to the relief sought and decreed, this record discloses no evidence, except the answer of the adult defendant and of the guardian *ad litem.* Thus the question is presented : Is the admission of the guardian *ad litem* evidence against the infant ? Can he, by his answer, prejudice the infant ? And let it be remembered this is the answer of a guardian *ad litem* irregularly appointed, in a suit hastily pressed to a final decree. It has never been supposed, in our practice, so far as our experience extends, that a decree against an infant could be predicated on the admissions in the answer of a guardian *ad litem.* Such an answer has been generally deemed mere pleading, not serving any of the purposes of evidence.—1 Daniel Ch. Pr., top page, 218, mar. page, 214 ; *James v. Jones*, 4 Paige, 115 ; *Bulkley v. Van Wyck*, 5 Paige, 586.

The answer of the adult defendant, though the mother of the infants and the tenant for life of the trust estate, was not evidence against them.—*Julian v. Reynolds*, 8 Ala. 683 ; 2 Daniel Ch. Pr. 1017, top page.

3. The master's report of the trustee's account is clearly erroneous on its face. The trustee's receipts are reported to be $33,723 53. Of this sum $22,590 24, was received from the estate of John P. Barnard, and for collecting it an attorney's fee of ten per cent. was charged ; to the trustee, commissions of $6,500, near one-fifth of his entire receipts, were allowed. The master reports the testimony on which this allowance was based ; the witnesses, whose

testimony is thus reported, state that $6,500 would be reasonable compensation. They do not state the character and extent of the services rendered by the trustee; they do not state that they have any knowledge of the services; they express an opinion, which may be very conclusive and satisfactory to them, but which is not evidence before a court, and cannot be made the basis of a judgment by a judicial tribunal, and might, or might not, command a little more respect from others, if the facts on which it was founded had been stated. Evidence of this character, but stronger, was ruled by this court inadmissible to fix the compensation of a trustee.—*Gould v. Hays*, 25 Ala. 426.

4. A large portion of the trust fund was directed to be invested in the purchase lands in Mississippi, without any evidence to authorize the investment. Surely this court will not sanction, in the absence of all evidence to support it, a decree thus changing the character of an infant's estate, and transferring it from the State, beyond the jurisdiction of the court.

BEIRNE & GORDON, for appellee.—The first point raised by appellant's brief is, that a guardian *ad litem* was appointed for infant defendants without affidavit of the fact of infancy.

It has been repeatedly decided by this court that a formal objection, which, if raised before the chancellor, might have been remedied by amendment, is not available on error.—*Johnson v. Culbreath*, 19 Ala. 348; *Walker v. Smith*, 28 Ala. 569; *Holston v. Holston*, 23 Ala. 777.

An objection very similar to this was raised and overruled in the case of *Gannard v. Eslava*, 20 Ala. 732. In that case it was objected that certain infants were not properly before the court, because of non-compliance with the rules as to service; and that, too, when they were non-residents. The supreme court say, (page 470): "This objection cannot be urged for the first time in this court." They answered by guardians *ad litem*, regularly appointed, and it sufficiently appears that their interests were protected; quoting, also, 7 Ala. 823, and 12 Ala. 265.

Again, in *Preston v. Dunn*, 25 Ala. 507, this court decided

the chancery court was the general guardian of all infants, and that, therefore, the chancellor appointing a guardian *ad litem*, even without notice to the infant, would merely perpetrate an irregularity, from which no error could be assigned, unless injury should be shown; and this court favorably reviews the case of *Preston v. Dunn*, in the latter case of *Friarson v. Travis*, 39 Ala. 150.

Now, the record in this case discloses the fact that service was regularly effected upon the infants, according to the rules; that the bill, which was filed by their trustee appointed by this court, alleged the fact of their infancy; that the mother of the infants, in her answer, admitted the fact of their infancy; that the guardian *ad litem*, after filing his written consent, admitted the fact of their infancy; and that the record upon its face establishes the fact.

The reason of rule 23, chancery practice, was to simplify, not to complicate, proof of infancy. "No testimony shall be required of infancy;" whereas, heretofore, it was required. "An affidavit is sufficient," even that of complainant, showing that the sole object of the rule was to satisfy, in any way, the mind of the chancellor of the fact of infancy. And such must have been the case in this proceeding, inasmuch as all presumptions are in favor of the legality of of the judicial acts, and the chancellor, by his action, showed that the fact of infancy had been established.

2. As to the other points made by appellant's brief, this court has established, and inflexibly adhered to the rule that, "where no exception was made to the report of the register, and no objection raised to the confirmation of that report in the court below, none will be heard for the first time in the supreme court, the report not being erroneous on its face."— *Gerald, Adm'r, v. Miller*, 21 Ala. 433; 9 Porter 80; 9 Ala. 180.

The record in this case shows that no exception was taken, nor objection raised in the court below.

PETERS, J.—The facts of this case, so far as they are necessary to determine it in its present shape, are the following: On the 14th day of May, 1867, Mastin, the appel-

lee in this court and complainant in the court below, filed his bill in the chancery court of Madison county, then designated the 29th chancery district of the northern chancery division of Alabama. The bill was filed by Mastin "as the trustee of the separate estate of Harriet Barnard, which was created by the will of David Moore, deceased, late of Madison county," as complainant, against said Harriet Barnard, and her minor children, Martha P. Barnard and Catherine M. Barnard. No other persons are made parties to the bill. The bill alleges, among other things, that said Harriet Barnard was the daughter of said David Moore, deceased, and the widow of John P. Barnard, deceased; that Moore, the father of Mrs. Barnard, departed this life in Madison county, in this State, in 1845; having made his will before his death, in which he directed that his estate, after payment of his debts, the portion of his wife's and some special legacies, should be distributed among his children, by "division to be made in equal portions and of equal value, as near as may be each one's share." This will bears date March 12, 1845 ; Stephen S. Ewing, George P. Beirne and William J. Mastin were appointed executors. On the 8th day of April, 1845, Mr. Moore added a codicil to his said will, in which he directed that the property which is intended for his daughters, "shall rest in and be held by" his executors, or the survivor, "in trust for the sole and separate use and benefit" of his "said daughters respectively," and on the death of any of my said daughter or daughters leaving children, the share of such daughter to be equally divided among her children." And he appointed George P. Beirne and William J. Mastin guardians of his "children;" an office which it does not appear they accepted. The will of Mr. Moore, and the codicil to the same, were proven after his death, and admitted to record in the orphans' court of the county of Madison, on the 6th day of October, 1845. Mr. Moore left at his death a very considerable estate, to be divided among his children. Mrs. Harriet Barnard's share was allotted to her, and came into the possession of her husband, John P. Barnard, as the trustee of her separate estate. He held and managed it as such until his death,

on the 9th day of April, 1860 ; after which, on the 31st day of May, 1861, the complainant in the court below, said Mastin, was appointed by the Register of the chancery court of Madison county, trustee in the place of the said John P. Barnard, deceased, and thereupon he gave bond and qualified as such, and took charge of said trust estate ; that said Harriet Barnard was of the age of twenty-one years and upwards, and her said children, Martha and Catherine, were minors under fourteen years of age, living with their mother, said Harriet Barnard, and all residing in Madison county, in this State. The prayer of the bill, among other things not necessary to be set out in this opinion, asks " that an account be taken and stated of the action of complainant as trustee, and in said account he be allowed the fees and charges which the necessities of the estate have required him to expend ; " also for authority to purchase with the trust funds, from Mrs. Barnard, a tract of land lying in Noxubee county, in the State of Mississippi, estimated to be worth $12,548; and for general relief. The facts alleged in the bill are not verified by any affidavit or oath. It is an unsworn bill. And " each defendant is required to answer, without oath, all the paragraphs " thereof. Summons requiring the defandants " to appear and plead or answer," in the usual form, were issued on the 14th day of May, 1867, and returned "executed by leaving a copy with Harriet Barnard," on the 20th day of May, 1867, and on the same day the summons was served, Samuel H. Moore consented, in writing, to act as the guardian *ad litem* of the minor defendants, Martha and Catherine Barnard; and, thereupon, on motion of complainant's solicictors, he was appointed by the register guardian *ad litem* for said infant defendants. It does not appear from the record that any affidavit of the facts of infancy, and ages of minor defendants, or any other proof of these facts, was offered or made, to authorize such appointment. If this was done it is wholly omitted from the record. On the 3d June, 1867, Samuel H. Moore, the guardian *ad litem* of the infant defendants, filed his answer to the bill for them. This answer admits the facts alleged in the bill, and states that "this defendant cannot interpose any objection

to the relief sought to be decreed by said bill." On the same day Harriet Barnard, the other defendant, filed her answer to the bill, in which she " says she believes the facts set forth in the several paragraphs of complainant's bill to be true, and consents to the relief thereby sought to be decreed." All the answers are put in without affidavit or oath of the truth of the statement of facts therein contained. After all the defendants had answered, in the manner stated above, the chancellor, at the May term of the court in which said bill was filed, on the 3d day of June, 1867, the same being a day of said term, made an order in said cause directing the register " to state an account between the complainant (Mastin) as trustee and the defendants as *cestuis que trust*," in which, after stating the title of the cause, he uses this language : " Came the parties by their solicitors." The final decree makes a like recital in the same words. This decree is dated June 6th, 1867. On the 7th day of December afterwards, the complainant's solicitors suggested to the court the marriage of Mrs. Barnard with R. Barnwell Rhett, and he is made " a party defendant by consent."

The infant children of Mrs. Barnard, ( the said Martha and said Catherine,) were deeply interested in the trust estate, which was very considerable ; they took it in their own right on the death of their mother, who could not dispose of it in her life time. Then, there can be no doubt that these infant children were proper and necessary parties to this suit ; and no right of theirs could be concluded or prejudiced by a decree in favor of the trustee in a proceeding like this, without bringing them before the court in the manner required by law. The sedulous care which the courts bestow upon the protection of the rights of persons, so helpless as minor children, is the result of the universal experience of its necessity ; from their utter want of knowledge of the world and its devices, their tender age, their mental and physical weakness, and their readiness to confide in the fair promises of all who approach them as friends, they are rendered peculiarly helpless in the rigid and technical contestations in a court of justice. It is therefore sometimes said, that the very judge who is

Rhett et al. v. Mastin, Trustee.

clothed with the power to try the causes in which they may be parties, shall in certain cases be their guardian. But, even here, the law has not abated its vigilance in their behalf; it has not been left to the chancellor himself to fix the mode in which he shall interpose his protecting power. The law has prescribed the manner in which the minor must be brought into court and make his defense, when it is necessary for him to be there; and this prescribed mode must be pursued, or the court errs in the discharge of its high duty. A minor is not suffered to defend his interest in a suit in chancery, except by his guardian, and under our form of procedure, this guardian is most frequently a guardian *ad litem.*—Story, Ch. Pl., § 72; Milford, Ch. Pl. 124, top page; 1 Dan. Ch. Pr. (Perkins) 240, and note 2; *Preston v. Dunn*, 25 Ala. 507; Revised Code, p. 826; Chan. Rule 25.

The rule prescribed for this purpose is laid down in the Revised Code, in these words: "No testimony shall be required of the infancy of a party suing or being sued as such; but before a guardian *ad litem* can be appointed for an infant defendant, an affidavit must be made as to the fact of infancy, and that the infant is believed to be under or over fourteen years of age; or if the facts are stated in a sworn bill, it will be sufficient, without any separate affidavit."—23 Rule Ch. Pr.; Revised Code, p. 826. This rule is specific and fixes the manner in which the authority it bestows shall be exercised. This court can not add to it, or take from it. It is positive and special, and negatives the performance of the act permitted to be done in any other way, or on any other ground, than that mentioned. This rule will become futile, if this is not the force given to it. The appointment of a guardian *ad litem* for an infant defendant in chancery must be made on affidavit of the fact of infancy, and that the infant is believed to be under or over fourteen years of age, or on sworn bill showing the fact of infancy and age of the minor, as required by the rule, and not otherwise. And it is error in the court to proceed to a final decree in a case where a minor is a party defendant and interested in the subject matter of the suit, without the appointment of a guardian *ad litem* for

him in this way.—23 Rule Ch. Pr. ; Revised Code, p. 826 ; *Robert's Widow and Heirs v. Stanton*, 2 Munf. R. 129 ; *Curtis v. Ellis*, 3 Marsh. 761 ; *Walker v. Hallett*, 1 Ala. 379 ; 3 Port. 10 ; Revised Code, § 3484.

The recitals in the chancellor's order of reference and in the final decree, that the parties appeared by their solicitors, does not cure this defect, so far as the minors are concerned ; because they can not appear in that way, so as to dispense with the necessity of a guardian *ad litem* regularly appointed. To allow this, would be such a construction as to do away with the rule itself. The guardian *ad litem* in this case, was illegally appointed for the want of the required affidavit or sworn bill, and the minors were left undefended in the whole progress of the cause from the failure in that step to the end.—1 Ala. 379 ; 5 Ala. 158 ; 28 Ala. 265.

As the decision on this point disposes of the case in this court, and renders a reversal necessary, further notice of the other questions made upon the assigment of errors, and insisted on in the brief of the learned counsel for appellants, is omitted. They will probably not arise again on a new trial, and if they do, will be settled by the chancellor in a proper manner.

The final decree of the chancellor, and all the proceedings in the court below, from the service of summons, are reversed, and the cause remanded for a new trial. The appellee must pay the costs in this court, and retain the same out of the trust funds in his hands.