# Cook *v.* Rogers.

*Bill in Equity for Reformation of Written Contract.*

1. *Service of process on infant defendants.*—When infants are made defendants to a bill in equity, and it is shown that their father or mother is living, and has not an interest adverse to theirs, service of process for them must be made on the parent (R. C. 825, Rule No. 20; Code, 165, Rule No. 23), and can not be made on them personally.

2. *Appointment of guardian ad litem.*—The appointment of a guardian *ad litem* for infant defendants, who have not been brought in by the proper service of process, is irregular and unauthorized, and will work a reversal of the decree on error.

3. *Decree pro confesso against non-resident defendants.*—To support a decree *pro confesso* against a non-resident defendant, on publication, the record must affirmatively show that an order of publication was made in conformity to the rules of practice, and that publication was made as required by the order; and the order must specify a day or time, before or within which the defendant is required to appear.

APPEAL from the Chancery Court of Lee.

[Cook v. Rogers.]

Heard before the Hon. N. S. GRAHAM.

The original bill in this case was filed on the 11th September, 1871, by Anthony F. Rogers, in his own right, and as trustee for his wife, Mrs. Martha A. Rogers, against F. T. Cook and Clay M. Cook ; and sought, principally, the reformation of a written contract entered into between said Clay M. Cook and A. F. Rogers, for the planting and cultivation of a vineyard and orchard near Opelika, and the employment of said F. T. Cook as superintendent and manager thereof. The original contract, according to the allegations of the bill, was entered into between said F. T. Cook and said Rogers ; but, before it was reduced to writing, the name of said Clay M. Cook, his son, was substituted for that of F. T. Cook, at his instance and request. On the 16th March, 1867, after the partnership business had been commenced, Rogers conveyed an undivided half interest in the land to James H. Foreman, as trustee for said F. T. Cook and his children ; and the bill sought to set aside and vacate this deed. There was, also, a prayer for the dissolution of the partnership, and the settlement of the partnership accounts. F. T. Cook having died, pending the suit, there was a revivor against his heirs and personal representative ; and there were, also, several amended bills. The chancellor (Hon. B. B. McCRAW) overruled a demurrer to the bill, and held the complainants entitled to relief ; and the land was sold under this decree. Afterwards, at the June term, 1875, an application was made to Chancellor GRAHAM, to set aside this decree, on account of numerous errors and irregularities which, as alleged, had intervened in the proceedings ; but he declined to set it aside. The appeal is sued out by all the defendants, and all join in the assignments of error, which are directed to the final decree, several interlocutory decrees, and numerous irregularities in the proceedings. The opinion of the court renders it unnecessary to state the facts in detail. The case was decided, and the opinion delivered, during the December term, 1878.

GEO. D. & GEO. W. HOOPER, for appellants.—1. The decree *pro confesso* against Simeon Cook and Houston Cook, on publication only, as shown by the recitals of the record, is erroneous.—*Kirk v. McAllister*, 39 Ala. 343 ; *Beaver v. Davis*, 19 Ala. 82 ; *Hartley v. Bloodgood*, 16 Ala. 233 ; *Butler v. Butler*, 11 Ala. 668 ; *Moore v. Wright*, 4 Stew. & P. 84 ; *Batre v. Auze*, 5 Ala. 173.

2. The infant defendants were not properly brought into court, and the appointment of a guardian *ad litem* for them was unauthorized.—*Hodges v. Wise*, 16 Ala. 509 ; *Clark v.*

*Gilmer*, 28 Ala. 265 ; *Preston v. Dunn*, 25 Ala. 507 ; *Hallett v. Walker*, 1 Ala. 379 ; *Bondurant v. Sibley*, 37 Ala. 565 ; *Carter v. Ingraham*, 43 Ala. 78 ; *Johnson v. Hainsworth*, 6 Ala. 443 ; *Erwin v. Ferguson*, 5 Ala. 158.

BRICKELL, C. J.—It is not, and cannot be denied, that the infants, Lucy Cook, Sarah Cook, Nancy Cook, and Polly Cook, *cestius que trust* under the deed executed to Foreman as trustee, were not only proper, but necessary parties defendant to the original and amended bills. The original bill, averring their infancy and ages, but not averring, except as to Lucy, their residence, or who had the care and custody of them, makes them parties defendant, praying process against them. Summons was issued and served upon them personally. The 23d rule of practice, which is but a repetition of the former rule 20 (R. C. p. 825), defines the mode in which summons to answer bills, issuing against infant defendants, must be served. It must be served on the parents, or either of them, if in life ; or, in case they are dead, upon the general guardian ; unless the parent or guardian has an interest adverse to the infant. If the parent or guardian has such adverse interest, and the infant is above the age of fourteen years, the service must be upon the infant personally. If the infant is under the age of fourteen, the service must be upon the person having the maintenance or charge of the infant, unless opposed in interest ; and if a case occurs not provided for by statute, or by the rule, the chancellor must direct the mode of service, or, without service, appoint a guardian *ad litem*.

It is shown by the original bill that the parents of these infants were in life ; and no interest in them, adverse to that of the infants, is averred. The personal service of summons on the infants was, therefore, unauthorized, and was not sufficient to bring them before the court. As to Polly Cook, averred by the bill to be under fourteen, there was no event in which personal service was authorized. The rule of practice is intended for the protection of infant defendants, and a strict observance of it is necessary, to support a decree adverse to them, when it is directly assailed on error.—*Hodges v. Wise*, 16 Ala. 509 ; *Bondurant v. Sibley*, 37 Ala. 565 ; *Carter v. Ingraham*, 43 Ala. 78 ; *Rhett v. Martin*, *Ib.* 86. When the parents, or either of them, the natural protectors and guardians of the infant, having no adverse interest, are in life, service for the infant must be made on them, or one of them, whether the infant is above or under the age of fourteen years. The return of the officer executing the summons must show, if the parent is also a party defendant, that service was made upon him or her, *for the infant* (*Hodges v.*

[Cook v. Rogers.]

*Wise, supra); and in all cases, it is better that this fact should distinctly appear from the return.

On the death of the defendant F. T. Cook, who is not designated otherwise than by his initials, in any part of the record, whatever interest he had in the real estate, descended to his heirs. A bill of revivor was filed, making a number of persons, several of whom are averred to be infants, of different ages, parties defendants, as standing to Cook in the relation of heirs. The summons issuing on this bill was served on these infants personally, without regard to their respective ages, whether under or above fourteen years, and without regard to whether their parents were living or dead; nor was their infancy shown by affidavit, or by a verification of the parts of the bill averring it.

An amended bill was filed, making infant parties, and like irregularities intervene. A second amended bill was filed, and the same irregularities are committed. An affidavit of infancy is then filed, by one of the adult defendants, and a guardian *ad litem* is appointed. The appointment was irregular, and an error which compels a reversal of the decree. 1 Brick. Dig. 761–2, §§ 1815–16–18, 1831.

To support on error a decree *pro confesso* rendered against *non-resident defendants on publication,* the record must affirmatively disclose an order of publication, made in conformity to the rules of practice; that publication was made, and notice otherwise given, as is required.—*Kieffer v. Barney,* 31 Ala. 192; *Hartley v. Bloodgood,* 16 Ala. 233; *Butler v. Butler,* 11 Ala. 668. The decree *pro confesso* against the defendants Houston Cook and Simeon Cook, is manifestly irregular. It was not preceded, so far as the record discloses, by an order of publication, or an order requiring them to appear, and answer or demur to the bill, before a day named, not less than thirty, nor more than fifty days from the making thereof. The decree recites that an order of publication was made, and a copy of it was posted at the court-house door. Whether such recitals can cure the absence of the order itself, we do not inquire. It is not shown by them that any day or time was fixed by the order, before or within which the defendants were required to answer or demur. If the order did not contain such requisition, it would not support the decree *pro confesso.*

These errors and irregularities work a reversal of the decree. We do not deem it necessary to examine the other matters to which the assignment of errors refers. Several of them involve mere questions of practice, which will not probably arise again; and those which affect the merits may not be presented under the same aspects.

Reversed and remanded.