# Hibbler *v.* Sprowl.

### *Bill in Equity to set aside Deed to Land as Fraudulent.*

1. *Bill in equity; service on infant defendants; when erroneous.*—The mode for the service of summons to answer bills in equity issuing against infants, prescribed by the 23rd Rule of Chancery Practice, is exclusive of all other modes; and hence service on infant defendants personally, whose parents are living and not interested adversely to them, whether they are of tender years or have nearly attained their majority, is irregular; and the appointment of a guardian *ad litem* on such service is premature and erroneous.

2. *Same; when appointment of guardian ad litem erroneous under 26th Rule of Chancery Practice.*—Where a bill in equity, to which infants were made parties defendant, and which was verified by affidavit, avers the fact of infancy, but omits to state whether the infants were over or under the age of fourteen years, and no affidavit was filed stating the fact, the appointment of a guardian *ad litem* for them in such case is violative of the 26th Rule of Chancery Practice, and will not support a decree against them.

APPEAL from Pickens Chancery Court.

Heard before Hon. A. W. DILLARD.

In 1874, Bird Ivey executed and delivered a deed of trust conveying a large body of lands situate in Pickens county, in this State, to a trustee therein named, to secure certain debts recited in the deed to have been owing by the grantor to James L. Hibbler. This deed contained a power of sale on default in the payment of the secured debts. In 1875, after the law-day designated in the deed, the trustee sold the lands conveyed by the deed under the power of sale contained therein, and at the sale Hibbler, the beneficiary, became the purchaser, to whom the trustee executed a deed, conveying to him the lands. Afterwards, in 1876, Hibbler executed a deed of gift conveying these lands to his children and grandchildren, therein named and designated, as tenants in common, among whom were Mary F.

[Hibbler v. Sprowl.]

Windham, wife of Walter D. Windham, his daughter, and their children. The bill in this cause was filed by John M. Sprowl, a judgment creditor of Bird Ivey, against James L. Hibbler and his children and grandchildren, who are grantees under said deed executed by him, and others, seeking, among other things, to have the deed executed by the trustee to Hibbler, and the deed executed by the latter to his children and grandchildren set aside as fraudulent and void, and the lands sold for the payment of the complainant's judgment. The other facts necessary to an understanding of the opinion are stated therein. The chancellor, on the hearing, had upon the pleadings and proof, caused a decree to be entered granting the complainant relief, and from that decree this appeal was taken.

T. W. COLEMAN, M. L. STANSEL, E. MORGAN and WATTS & SONS, for appellants.

LEWIS M. STONE, and TERRY & JOHNSTON, contra.

BRICKELL, C. J.—The conveyance of the lands, made to his children and grandchildren by James L. Hibbler, constituted them tenants in common. The grandchildren were, of consequence, materially interested in the subject-matter, and necessary parties to the suit. As is shown by the bill, they were infants, residing with their parents. The 23rd Rule of Practice prescribes the mode in which summons issuing to them must be served, and is exclusive of all other modes of service. The parents being in life, service upon one of them for the infants must have been made. There is no authority for service upon them personally, whether of tender years or closely approaching majority. The children of Walter D. Windham were personally served—there was no service for them on either of the parents. It follows they were not regularly before the court; and the appointment of a guardian *ad litem* for them was premature and erroneous. For all the infant defendants a guardian *ad litem* was appointed, though the bill, verified by affidavit, averring their infancy, omits to state whether they were above or under the age of fourteen years, nor was an affidavit filed stating the fact. This was violative of the 26th Rule of Practice, a strict observance of which has always been required to support decrees against infants. These are errors compelling a reversal of the decree, and we do not deem it proper to consider any other of the assignments of error, as it may be necessary to retake the testimony so far as the infants are concerned. The adult defendants are doubtless concluded by the testimony already taken; but as the infant

defendants are not, and may hereafter possibly present a different state of facts, we leave all other questions undetermined.

Reversed and remanded.