# McQueen *v.* Grigsby, *et al.*

## Sale of Lands for Division.

(Decided Nov. 21, 1907. 44 So. Rep. 961.)

1. *Judicial Sales; Confirmation; Decree from Which Appeal Lies.*—A decree confirming the sale in proceedings in the probate court for the sale of lands among joint owners is the final decree from which an appeal lies, and ,on an appeal from such a decree the entire proceedings will be reviewed.

2. *Infants; Guardian Ad Litem; Appointment.*—A guardian ad litem should not be appointed to represent the interests of a minor until service of process has been had on the minor defendants as prescribed by law and a sale had under such circumstances will be set aside.

3. *Same; Partition; Sale of Land; Description of Parties.*—A petition for a sale of land for division among joint owners, any of whom are minors, should allege the age of the minor and the persons who have charge or care of them.

4. *Witnesses; Interest; Legatee.*—The fact that a person is a legatee under the will from whom the parties derived title to the land does not establish a disqualifiaction of such party as a witness to testify as to the facts alleged in the petition for a division among joint owners, since he may be a legatee and yet have no interest in the land.

APPEAL from Greene Probate Court.

Heard before Hon. A. P. SMITH.

Petition by Annie Grigsby and others against John D. McQueen, as guardian for certain minors, etc., for

[Mayer v. Kornegay, et al.]

a sale of land division. From a decree for petitioners, defendant appeals. Reversed and remanded.

Petition for a sale of land for a division among the joint owners thereof. It is shown by the petition that all the respondents named therein are minors, and it further appears that a guardian ad litem was appointed for all of said minors on the same day that the petition was filed, and it is not shown that service was had on said minors in any way prior to said appointment; the sheriff's return merely showing a service of notice by service of copy on each party named. The other facts sufficiently appear in the opinion of the court. From a judgment granting the petition ordering the lands sold and a confirmation of the sale, this appeal is prosecuted by the guardian ad litem.

TAYLOR & HEARIN, for appellant.—The appointment and acceptance of a guardian ad litem on the first day of court, and before service on the minors was premature and cannot be upheld on appeal or direct attack.— *Walker v. Hallett,* 1 Ala. 379; *Rhett v. Mastin,* 43 Ala. 86; *McIntosh v. Atkinson,* 63 Ala. 241;; *Cook v. Rodgers,* 64 Ala. 406; *Gayle v. Johnson,* 80 Ala. 395; *Cantelou v. Whittley,* 85 Ala. 247; *Herring v. Rickett,* 101 Ala. 340. Witnesses should be disinterested.—Section 164, Code 1896, and cases cited. Infants must be brought into court in the exact manner prescribed by statute or rule of practice.—Rule 234, and authorities supra. Personal service on minors under 14 years of age is not sufficient to support a decree.—*Herring v. Ricketts, supra.* The return complies with the citation, and does not conform to the rule for service on minors.—*Hodges v. Wise,* 16 Ala. 509; 25 Ala. 507; 114 Ala. 221; 105 Ala. 467; 22 Cyc. 675. The order

42 R

[McQueen v. Grigsby, et al.]

could not be made at a special term.—*Arrington v. Roach*, 42 Ala. 155; *Garlic v. Dunn*, 42 Ala. 404; *Simpson v. McDaniel*, 42 Ala. 458. Motions to amend can only be made at the regular term of court.—*Jefferson County Savings Bank v. McDermott*, 99 Ala. 79; 83 Ala. 31; 59 Ala. 488. An amendment cannot be made to cure the failure after judgment.—18 Ency. P. & P. 950.

HARWOOD & McKINLEY, for appellee.—The original return made by the sheriff on the citation, showed a legal and valid service on the minors.—*Kalb v. German Sav. & Loan Co.*, 65 Pac. 559; *Cheatham v. Whitman*, 86 Ky. 614; *McIlvoy v. Alsop*, 45 Miss. 365. Unless the parent, guardian or other person having custody of the minor is also a defendant, it is not necessary that it be shown that the service was on such parent, guardian, etc. *"for the minor.—Cook v. Rogers*, 64 Ala. 406; *Hodges v. Wise*, 16 Ala. 509. It is the *fact of service*, not the proof of it, that gives the court jurisdiction of the minors, and the sheriff had a right to amend his return to show the *facts;* the amendment to the sheriff's return was legally made.—*Burke v. Intertate Sav. etc. Assn.*, 87 Am. St. Rep. 416 (423); *Estate of Newman*, 7 Am. St. Rep. 146 (150); *Herman v. Santee*, 42 Am. St. Rep. 145 (146-7); *Burr v. Seymore*, 19 Am. St. Rep. 893; *Shenandoah Valley R. Co. v. Ashby;* 19 Am. St. Rep. 245; *Daniel v. Hamilton*, 52 Ala. 105; Rule of Practice No. 113 (Code, p. 1228). Sydney Dukes was a competent and disinterested witness. But even if he were not, it is too late now to object to his deposition.— *Thompson v. Rawles*, 33 Ala. 29; Code, Sec. 3181. There was no error in allowing depositions to be taken same day direct and cross interrogatories were filed.— Rule of Prac. 118 (Code, p. 1228); *B'ham Union R. Co.*

*v. Alexander*, 93 Ala. 133.   The motion to strike certain of the assignments of error from the record, and to dismiss the appeal, should be granted.   If there was no legal service on the minors, McQueen did not, *and is not,* the guardian ad litem, and therefore has no authority to take or maintain this appeal.   If McQueen *is* the guardian ad litem, then this is because there was a valid service on the minors and a legal appointment of McQueen as guardian ad litem based on such service.   *He must be a legally appointed guardian ad litem* before he can maintain this appeal.   When he says that he is not the legally appointed guardian ad litem, he destroys his right and authority to bring this appeal, and the appeal must be dismissed.—Code, Sec. 468; *Herring v. Ricketts,* 101 Ala. 340; *Hodges v. Wise,* 16 Ala. 509 (514).

DENSON, J.—This is a proceeding begun in the promate court of Greene county for a sale of real estate and a division amongst joint owners.   The order of sale was granted, and a commissioner was appointed to make the sale.   He made the sale and reported it to the court in regular form.   The report was duly confirmed by a decree of the court entered on the 28th day of October, 1906.   From the decree of confirmation this appeal is prosecuted.

In such proceedings the decree of confirmation is the final decree, from which an appeal may be prosecuted and on which the entire proceedings may be renewed.—15 Ency. Pl. & Pr. 827, and cases cited in notes 4 and 5 to the text; *Kellam v. Richards,* 56 Ala. 238, 240, and cases there cited; *Morring v. Tipton,* 126 Ala. 350, 28 South. 562.

A guardian ad litem for an infant defendant should not be appointed until the infant has been properly

brought before the court in one of the modes prescribed by law. Such premature appointment constitutes error, for which a decree of sale founded thereon will be reversed on appeal.—*Walker v. Hallett,* 1 Ala. 379; *Hodges v. Wise,* 16 Ala. 509; *Cook v. Rogers,* 64 Ala. 406; *Herring v. Rickets,* 101 Ala. 340, 13 South. 502; *Cantelou v. Whitley,* 85 Ala. 247, 4 South. 610. The record here shows affirmatively that all the defendants are minors, and all under 14 years of age except one. It also affirmatively appears that the guardian ad litem for such infants was appointed on the day the application for the order of sale was filed, and before service was perfected on them. Consequently the decree of the probate court must be reversed, and the cause remanded. The court should see to it that the service of process is perfected on the infants in the manner prescribed by law before entering a decree.

We note that Phoebe Graham is alleged to be an infant but her age is not given, and that the person who has custody or charge of one of the infants is not alleged. The application should be amended in these respects.

It does not followed that, because Sidney Dukes is a legatee under the will, he is an interested party, and therefore incompetent as a witness to prove the facts alleged in the petition. He may be a legatee, and yet have no interest whatever in the lands sought to be sold.

It is unnecessary to pass upon the action of the court in allowing the sheriff to amend his return, as new citations will have to be issued and served. For the error pointed out, the decree of the court below is reversed and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.