# Gartman, *et al. v.* Lightner, *et al.*

*Petition to Set Aside a Decree for Sale of Lands.*

(Decided June 30, 1908. Rehearing granted May 11, 1909.
49 South. 412.)

1. *Appeal and Error; Decisions Reviewable; Void Judgment.*—A void judgment or decree will not support an appeal.

2. *Same; Sale; Order Setting Aside.*—Where a decree of sale was entered in the probate court and three years subsequent thereto, but before report of sale or confirmation was made, an order was entered on petition setting aside such order of sale, an appeal will lie from the latter order for the purpose of ascertaining whether or not the decree of sale as entered was valid or void.

[Gartman, et' ál. v. Lightner, et al.]

3. *Executors and Administrators; Sales; Setting Aside Order; Irregularity.*—Mere irregularities in a proceeding leading up to a decree of the probate court ordering the sale of lands to pay debts and for distribution, will not avoid the·decree upon the ground of want of jurisdiction of the court to make the orders.

4. *Courts; Sales; Setting Aside; Adjournment.*—Where a court enters a decree with jurisdiction to do so, it cannot enter· an order setting aside the decree after the final adjournment of the court at which the decree is made.

5. *Appeal and Error; Review; Rehearing; Mandamus.*—It is too late on a motion for rehearing to ask for the alternate remedy of mandamus where the cause has been submitted and the decision made.

(Dowdell, O. J., and Mayfield, J., dissent in part.

APPEAL from Mobile Probate Court.

Heard before Hon. PRICE WILLIAMS, JR.

Petition by Susannah J. Lightner and others to set aside a decree of sale made in the probate court three years before the filing of a petition but previous to the ·report of sale and confirmation. From an order setting the decree of sale aside, the respondents named in the petition appeal. Appeal dismissed.

R. M. Sands, as administrator of the estate of George W. Gartman, filed his petition for the sale of certain lands as the property of said Gartman for the purpose of paying the debts of the estate and for the purpose of division and distribution among the joint owners thereof. Following this petition an order of sale was granted for the purposes sought therein. No further proceedings were had in the case, nor were the lands sold on this petition, and so the matter remained until the filing of the present petition to set aside the former order of sale. The allegations of the former petition, after setting forth the appointment of the petitioner as administrator, the names, ages, and residences of his heirs, and the fact that at the time of his death he held the legal and equitable title to certain lots in the town of Citronelle, were that petitioner is informed and believes, and on said information and belief avers,. that the. foregoing parties

[Gartman, et al. v. Lightner, et al.]

own said lands in the proportion shown by the foregoing averments of relationship, and that said lands cannot be equitably divided among them without a sale thereof for division and distribution. It is further alleged on information and belief that the decedent, George W. Gartman, died leaving debts which are unpaid, and the validity of which he does not know, but that they are claims against the estate, and the personal property of the estate is not sufficient in amount or value to pay the same. The decree ordering the sale under the above petition was had on August 2, 1904. The order annulling the former order was made on October 14, 1907, and from this last order this appeal is prosecuted.

D. B. COBBS, for appellant.—The averments of the petition were sufficient to give the court jurisdiction, and the order of sale is not void.—*Avery v. Avery,* 47 Ala. 505; *Townsend v. Steele,* 85 Ala. 580. The answer of the widow was not sufficient to oust the jurisdiction acquired by the petition.—*Ballard v. John,* 80 Ala. 35; s. c. 84 Ala. 70; *Hillans v. Brinsfield,* 108 Ala. 614. The adverse claim that robs a court of jurisdiction applies only to partition in specie and not to sales to pay debt and for division.—*Sherrer v. Garrison,* 111 Ala. 231.

CHARLES L. BROMBERG, and SULLIVAN & STALLWORTH, for appellee.—The decree sought to be set aside was an interlocutory decree and no appeal lies from any proceedings relative thereto until final consummation.— *Kallam v. Richards,* 65 Ala. 238; *Mourning v. Tipton,* 126 Ala. 350; *McQueen v. Griggsby,* 44 South. 961; *Bland v. Bowie,* 53 Ala. 152; 15 Ency. P. & P. 837; Secs. 457-8, Code 1896. The petition on which the decree was rendered ordering the sale, was so defective as to be insufficient to authorize the decree.—47 Ala. 290; 99 Ala. 445; 96 Ala. 544; 101 Ala. 334; 107 Ala. 352.

[Gartman, et al. v. Lightner, et al.]

DOWDELL, J.—The appeal in this case is taken from an order of the probate court annulling and setting aside a decree for the sale of land theretofore rendered by said court. It appears from the record that the former decree of sale was rendered on the application of the administrator filed for that purpose upon two grounds alleged in the petition, viz., for the payment of debts and for division and distribution. The decree of sale was unexecuted, no report of sale having ever been made to or confirmed by the court. The decree as it then stood, when the order annulling it was made and from which this appeal was taken, was interlocutory and not final.— *Bland v. Bowie,* 53 Ala. 152-159. In *McQueen v. Grigsby,* 152 Ala. 656, 659, 44 South. 961, 962, it was said by this court: "In such proceedings the decree of confirmation is the final decree, from which an appeal may be prosecuted, and on which the entire proceeding may be reviewed"—citing 15 Ency. Pl. & Pr. 827; *Kellam v. Richards,* 56 Ala. 238-240; *Morring v. Tipton,* 126 Ala. 350, 28 South. 562. If, then, the decree of sale, before sale and confirmation, is not final, but interlocutory, it logically follows that an order setting aside such decree is interlocutory. The cause is left still pending in the court, to be heard and determined on the petition for sale; the proceedings remaining until final decree in fieri.

The law in regard to appeals from the orders and decrees of the probate court, as found in sections 457 and 458 of the Code of 1896, makes no provision for an appeal from such an order or decree as that from which the present appeal is prosecuted. It follows, therefore, that the appeal in this case must be dismissed.

Appeal dismissed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.

[Gartman, et al. v. Lightner, et al.]

## ON REHEARING.

DOWDELL, C. J.—Upon a reconsideration of this case, the majority of the court are of the opinion that the appeal lies, and that the application for a rehearing should be granted, and the judgment of dismissal of the appeal heretofore rendered set aside. The writer is of a contrary view, but thinks the former opinion should be modified as to what was said in regard to the decree of sale being interlocutory and not final. We were led into what was there said by expressions contained in the cited cases of *Bland v. Bowie,* 53 Ala. 152, and *McQueen v. Grigsby,* 152 Ala. 656, 44 South. 961. While we did not say in our former opinion that a decree of sale was nonappealable before a sale and confirmation under it, yet what was said might possibly be open to such construction. We now take occasion to correct such an intimation or inference by declaring that an appeal will lie from a decree of sale of the probate court before or after a sale and confirmation under the decree. This principle is sustained by the authorities cited in brief of counsel for appellant.

But that is not the question here. The appeal in this case is not taken from the decree of sale, but from an order or decree of the probate court setting aside and annulling the decree of sale, and made three years after the rendition of the decree. If the decree of sale was valid, and not void, and such is the contention of the appellant, then the order annulling it, made three years after its rendition, was absolutely void. We have repeatedly ruled that a void judgment or decree will not support an appeal. Such was the case of *Gunter v. Mason,* 125 Ala. 644, 27 South. 843, on appeal from a judgment of the circuit court. The appeal was dismissed because of a void judgment. So, in the case of *Adams v.*

*Wright,* 129 Ala. 305, 30 South. 574, the appeal was dismissed for the reason that it was taken from a void decree of the chancellor. We cite one other case which we think much to the point here, viz., that of *Cochran v. Miller,* 74 Ala. 50, where the appeal was dismissed. The principle is thus succinctly stated in the ninth headnote: "When the chancellor improperly sets aside or modifies, at a subsequent term, a final decree rendered at a former term, the remedy is by mandamus, and an appeal does not lie." So we think that, in the present case, the remedy is by mandamus, and not by appeal.

We have been cited by counsel for appellant to the cases of *Stevenson v. Murray,* 87 Ala. 443, 6 South. 301, *Abernathy v. O'Reilly,* 90 Ala. 496, 7 South. 919, and *Cotton v. Holloway,* 96 Ala. 546, 12 South. 172, where appeals from similar orders to the one in question were entertained by this court. The appeal in the first-mentioned case was taken from an order just like the one here; but the point was not made in that case, and the question was not considered. The same may be said of the case of *Cotton v. Holloway.* In the other case cited—*Abernathy v. O'Reilly*—the motion to vacate the decree of sale was denied. The report of the case does not disclose how the appeal was taken. The decree of sale was not set aside, and it was sufficient to support an appeal. The question we have here, however, was not considered in that case. We do not think those cases can be regarded as authority against the proposition that a void order or decree will not support an appeal. The appellant not only concedes, but affirms, that the decree of sale, which was annulled and vacated by the order here appealed from, was a valid, and not a void, decree. The appellant's assignment of error on the record, which constitutes in pleading his complaint in this court as follows: "The probate court erred in ren-

dering its order of October 14, 1907, granting appellees' motion or petition to vacate its decree of sale of August 2, 1904, and vacating said decree of sale." The present appeal is prosecuted from "the order of October 14, 1907."

The majority of the court hold that we should entertain the appeal to ascertain whether the decree of sale of August 2, 1904, was or was not a valid decree; that is to say, whether or not an asserted fact in appellant's complaint (assignment of error) is true, and only upon the truth of which could the appellant take anything by his appeal, provided an appeal would lie from such an order. If the decree of August 2, 1904, was a valid decree, then as we have already said, the order of October 14, 1907, was void. We apprehend that no one will deny this proposition. If, on the other hand, the decree of August 2, 1904, was void for want of jurisdiction in the probate court to render the same, then the order of October 14, 1907, annulling and vacating said decree, was properly entered, and the appellant could take nothing by his appeal, since his only complaint here is that the making of said order was error, and an affirmance would necessarily follow, provided an appeal would lie from such order.

But will an appeal lie in such a case? If the order vacating the decree was properly made, for the reason that the decree was void, then the effect of the order was to leave the cause a pending cause, just precisely as it stood in the probate court before the void decree of sale was entered. It was in no sense final. It determined nothing in the cause, and was, therefore, essentially an interlocutory order, from which the statute makes no provision for an appeal to this court. The jurisdiction of this court is appellate, and cannot be acquired, except as authorized by statute. The conclusion of the majority

to entertain this appeal for the purpose of determining whether the decree of sale which was vacated by the order appealed from was valid to my mind puts this court in the illogical position of assuming jurisdiction in order to determine whether it has jurisdiction; for, if it has no jurisdiction, it can determine nothing as to the decree of sale that was vacated.

Justice Mayfield concurs in the foregoing views of the writer.

Entertaining the appeal in accordance with the views to the majority of the court, for the purpose of ascertaining and determining whether the decree of August 2, 1904, was or was not a void decree, for want of jurisdiction in the probate court to render the same—that being the ground upon which the probate court made the subsequent order of October 14, 1907, vacating and annulling said former decree—we reach the conclusion that, while the proceedings leading up to said decree may contain irregularities, yet the decree is not void for want of jurisdiction. While the petition upon which the decree was predicated was filed in a double aspect—that is to say, for a sale of the land for the payment of debts of the intestate and for a sale for partition and division among the heirs—the petition does contain jurisdictional averments of facts, though perhaps defectively stated; and on the averments contained in the petition, under the authorities cited in brief by counsel for appellant, the court acquired jurisdiction. Mere irregularities in the proceedings, that might have been availed of by appeal, are not sufficient to avoid the decree upon the ground of a want of jurisdiction, and hence could not authorize an annullment of the decree by a subsequent order, after final adjournment of the court, and after the court had lost control over the same by such final adjournment.

14—160

This leads to the conclusion that the order of October 14, 1907, vacating the former decree of sale, was itself a nullity. Consequently it will not support the appeal, and the appeal must be dismissed. The alternative application for a mandamus should have been made at or prior to the time of the submission of the cause. It comes too late after the cause has been submitted and a decision made, and upon an application here for a rehearing on that decision. The adversary party would be entitled to his day in court on such application, and this would require that the submission be set aside and that the cause be restored to the trial docket.

The conclusion reached is concurred in by all the Justices.