(96 South. 584)

## HAMILTON et al. v. TOLLEY et al.
### (8 Div. 509.)

(Supreme Court of Alabama. April 26, 1923. Rehearing Denied May 24, 1923.)

**1. Infants ⬅112—Infant defendants held bound by decree on collateral attack.**

Decree in suit for sale of trust property *held* good as against separate bill of review as respects the joining of and service on infant defendants and appointment of guardian ad litem for them, though there may not have been such literal compliance with chancery rule 23 (Code 1907, p. 1535) as to prevent a reversal of the decree on appeal.

**2. Infants ⬅81—Same guardian ad litem may represent several minors.**

Where no adverse interest was disclosed to have existed between several minor defendants, there was no reason why the same guardian ad litem should not be named to represent them.

**3. Infants ⬅80(2)—Guardian ad litem may be appointed without service.**

The chancery court having general powers as general guardian of all infants within its jurisdiction, if an *infant* is *not brought into* court by service before the appointment of a guardian ad litem is made, the chancellor may make the appointment without service, which duty may and should be exercised whenever the fact of infancy is established, and the infant is within the jurisdiction of the court and in the cause for hearing.

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Bill of review by Price Alexander Hamilton and others against James H. Tolley and others, to reverse and annul a former decree, and for a sale or partition of lands. From a decree for respondents, complainants appeal. Affirmed.

E. W. Godbey, of Decatur, for appellants.

The court had no jurisdiction to appoint a guardian ad litem without proper affidavit. Rhett v. Mastin, 43 Ala. 86; Carter v. Ingraham, 43 Ala. 84; Hibbler v. Sprowl, 71 Ala. 50; Erwin v. Ferguson, 5 Ala. 166. The law does not allow the appointment of a guardian ad litem on *opinion* that parties are infants. Sloss Co. v. O'Neal, 169 Ala. 83, 52 South. 955; Schilcer v. Brock, 124 Ala. 626, 27 South. 474; Ex parte Carlisle, 118 Ala. 175, 24 South. 30; Burgess v. Martin, 111 Ala. 656, 20 South. 506; Pollard v. So. Fertz. Co., 122 Ala. 409, 25 South. 169.

Callahan & Harris, of Decatur, for appellees.

When brought into court, the decree was not void as to the minors, no matter how irregular the appointment of a guardian ad litem. Any such irregularity could not be called into question, otherwise than by appeal. Preston v. Dunn, 25 Ala. 513; Bondurant v. Sibley's Heirs, 37 Ala. 571; Tabor v. Lorance, 53 Ala. 545; Levystein Bros. v. O'Brien, 106 Ala. 352, 17 South. 550, 30 L. R. A. 707, 54 Am. St. Rep. 56; Waring v. Lewis, 53 Ala. 627; Jackson v. Putman, 180 Ala. 39, 60 South. 61. Opinion and belief, in the sense of the statute, are substantial synonyms. Chancery rule 23, Code, p. 1535; 1 Words and Phrases, 740.

THOMAS, J. In the opinion on last appeal the jurisdiction of the chancery court of Limestone county to order or confirm the sale in question was sustained, "notwithstanding one of the purchasers * * * was the trustee," and, having acquired jurisdiction, "its decree cannot be impeached by a separate bill of review (on the ground that the trustee was interested as purchaser), except for fraud" in the procurement of the judgment and in the proceedings by which it was obtained. Tolley v. Hamilton, 206 Ala. 634, 91 South. 610; Hardeman v. Donaghey, 170 Ala. 362, 54 South. 172. The proper parties, and due representation thereof by a member of the same class with identical rights, made parties to the proceedings, were determined by the decree, holding that "after-born members of the same class with identical rights" were bound. Tolley v. Hamilton, supra; Letcher v. Allen, 180 Ala. 254, 60 South. 828; Elmore v. Galligher, 205 Ala. 230, 232, 87 South. 349; see, also, Crawford v. Carlisle, 206 Ala. 379, 384, 385, 386, 89 South. 565.

The original bill filed May 26, 1920, averred

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the age and infancy of certain parties thereto; that "a guardian ad litem was appointed for the supposed and ostensible infant defendants, who accepted, and denied the averments of the said bill," and that "the said chancery court rendered a decree confirming the sale of the trust property to said trustee and his joint adventurer. * * *" Section 7 in instant original bill. The infancy of certain of respondents is averred in paragraphs 1, 2, and 12, subsec. (e), of the original bill; and in Exhibit B (the decree) it is recited:

"* * * That W. H. Turrentine, Esquire, a practicing attorney, has been duly and legally appointed, and has accepted said appointment in writing, as guardian ad litem for the infant defendants, and has filed his answer for them as such guardian ad litem."

The amended bill filed February 15, 1922, exhibits the specific terms of the affidavit of complainant's counsel in the original suit (decree therein being rendered March 2, 1909). The affidavit is:

"The State of Alabama, Limestone County.

"This day personally appeared before me, W. R. Walker, who being first duly sworn deposes and says that he is the solicitor for complainant in this cause; that he is informed and believes and on such information and belief, states that in his opinion the parties defendant named as infants are such.

"W. R. Walker.

"Sworn to and subscribed before me this 22d day of Feb., 1909.

"Bessie Davis, Register."

It is further averred:

"There was in said cause no other affidavit to the bill or other affidavit as to the age, status and condition of said infants as to their custodian."

The only process averred to have issued from the register to certain of the respondents is exhibited; the order of the register appointing a guardian ad litem in said cause, reciting therein the names of the infants under the age of 14 years, service of summons on infants named as being over 14 years and on "custodian" of infants under 14 years; reciting the selection by infants over 14 years of age of a guardian ad litem was W. H. Turrentine, and the appointment by the register of said Turrentine as "a suitable person to act as guardian ad litem for all said infants above named"; that, "the said W. H. Turrentine having filed his consent, in writing, to act as such," it was ordered by the register that the said W. H. Turrentine "is appointed guardian ad litem in this cause for the said infant defendants." The note of testimony for complainant contains the statement of submission, among other things, on the "nomination of W. H. Turrentine as guardian ad litem by William Edward and Martha Elizabeth Hamilton, appointment and acceptance of W. H. Turrentine as guardian

ad litem of minor defendants, answer of W. H. Turrentine as guardian ad litem of infant defendants," and that for defendants was submitted on answer of guardian ad litem depositions of witnesses named and answers of parties named. The answer of the guardian ad litem, exhibited by the amended bill, was for "William Edward Hamilton, Martha Elizabeth Hamilton, Price Hamilton, Jr., Emma Malone Hamilton, and Erle Tillman Hamilton, the infants in the above-styled cause," some of whom are complainants in the instant bill as amended.

The averments of the amended bill of service of process on the five named minors are citations or summons by the register issuing to the sheriff, etc., commanding him to summon Price Hamilton, Jr., Emma Malone Hamilton, and Erle Tillman Hamilton by service of Yancy P. Hamilton, as their custodian. Return thereof by the sheriff indorsed thereon was:

"Executed by handing the [to] Yancy P. Hamilton as custodian of Price Hamilton, Jr., Emma Malone Hamilton and Earle Tillman Hamilton, a copy of the within" summons, "on the 22d day of Feby., 1909."

The summons issued by the register to the sheriff "commanded" him "to summon Martha Elizabeth Hamilton and William Edward Hamilton, infants over the age of 14 years, to appear and plead," etc., and return of the sheriff made thereon was:

"Executed by handing each of the defendants William Edward Hamilton and Martha Elizabeth Hamilton a copy of the within" summons "on the 22d day of Feby., 1909."

The appointment of guardian ad litem by the register of same date recites the fact that, by the affidavit of W. R. Walker, the defendants William Edward Hamilton and Martha Elizabeth Hamilton "are infants over the age of 14 years," and Price Hamilton, Jr., Emma Malone Hamilton, and Erle Tillman Hamilton are "in the belief of affiant infants under the age of 14 years, and that a summons on the bill of complaint in this cause was served upon the said William Edward Hamilton and Martha Elizabeth Hamilton personally, and upon Yancy P. Hamilton as custodian of Price Hamilton, Jr., Emma Malone Hamilton, and Erle Tillman Hamilton" and for whom W. H. Turrentine was nominated and appointed and accepted as guardian ad litem for "said infants" in aforesaid cause.

[1, 2] The prayer of the aforementioned bill was that "Yancy P. Hamilton, Annie M. Hamilton, Susie Hamilton Roberts, the wife of Robert Roberts, William Edward Hamilton, and Martha E. Hamilton, Price Hamilton, Jr., Edward Malone Hamilton, and Erle Tillman Hamilton be, by proper process, made party defendants hereto;" that the court appoint "a guardian ad litem for each

of the infant beneficiaries herein named, to represent and protect their interests upon the hearing thereof." The naming of the respective infants, their ages—whether above or less than 14 years of age—in the aforesaid bill, praying of them as parties, for the issue to each of them of proper process, and the evidence exhibited, of the issue and service of process made on them, or their custodian, the appointment of a guardian ad litem to represent them under the order of the court, was of such nature as to bind them, under the present bill as amended, by decree rendered, although there may not have been such literal compliance with chancery rule 23, Code 1907, p. 1535, as to prevent a reversal of the decree on appeal. No adverse interest was disclosed to have existed·between the several minors; there was no reason why the same guardian ad litem should not be named to represent them during the conduct of the cause and to final hearing. Estes v. Bridgforth. 114 Ala. 221, 21 South. 512. The chancery rule in question comes from the Code of 1876, No. 26, p. 165, and is of like import in the succeeding Codes. Code 1907, rules 20, 22, pp. 1533, 1535. In Day v. Southwell, 3 Wis. 657, construing a statute of like import; as to the requirement of the affidavit of counsel, it is held that the expressions "in his opinion" and "in his belief" were synonymous in the sense used in the affidavit. It is not necessary that we express an opinion as to our holding of the sufficiency of such affidavit when duly challenged on appeal from such decree. It is sufficient to say that such is not the case before us. It may be observed that the order appointing the guardian ad litem recites the fact that—

"It is made to appear to the register by the affidavit of W. R. Walker that the defendants William Edward Hamilton, Martha Elizabeth Hamilton, are infants over the age of 14 and Price Hamilton, Jr., Emma Malone Hamilton, and Erle Tillman Hamilton are *in the belief of affiant* infants under the age of 14 years. ' (Italics supplied.)

The case of Tabor v. Lorance, 53 Ala. 543, 545, arose out of a petition "to set aside as void a decree of the court, and sale of land under it. * * * on the ground that there was no such service of process as gave the court jurisdiction of petitioner;" and the court said:

"The recital in the record, 'It appearing that the defendant, Harriet Lorance, is under the age of 14 years, residing with her grandmother, who is of adverse interest,' must be understood as affirming that these facts were proved to the court, although no affidavit thereof is now found in the record; and the appointment thereupon of Horatio O. Pettus as guardian · ad litem for her, and his acceptance in writing of that office, and filing of answer for her, show that the chancellor took charge, as was his duty, of the interest of the infant. According to the decision of this court in Preston

v. Dunn, 25 Ala. 507, this gave the court jurisdiction, so as to prevent its decree from being void, even if there was error for which the decree would have been reversed on appeal. See, also, Gannard v. Eslava, 20 Ala. 732."

[3] The chancery court is the general guardian of all infants within its jurisdiction, and, by virtue of its general powers, has ample authority to protect the rights of minors when parties to pending litigations. If the infant was not brought into court by service before the appointment of a guardian was made, the chancellor had the power to make the appointment without service, which duty may and should be exercised whenever the fact of infancy is established, and the infant is within the jurisdiction of the court and in the cause for hearing. Preston v. Dunn, 25 Ala. 507, 513; Jackson v. Putman, 180 Ala. 39, 60 South. 61. In Bondurant v. Sibley's Heirs, 37 Ala. 565, 571, it was held that the appointment of Perkins as the guardian ad litem, "no matter how irregular it may have been, was not void; because the infant was a party to the suit when it was made." Levystein Bros. v. O'Brien, 106 Ala. 352, 354, 17 South. 550, 30 L. R. A. 707, 54 Am. St. Rep. 56, contains observations to the effect that it is the court's duty to appoint a guardian ad litem to make defense for an infant defendant; that a failure to discharge this duty does not oust the jurisdiction of the court, and, if the case proceeds ·to judgment against the infant without such appointment, such judgment, though irregular and erroneous, and to be so declared upon appeal, is not void, and is not open to impeachment upon collateral attack. In Jackson v. Putman, supra, is contained the statement that the court of chancery is the general guardian of all infants within its jurisdiction, and has general authority to protect their rights to the appointment of a guardian ad litem; but an appointment without proper service and without compliance with the rules is "an irregularity which will suffice on appeal to reverse the final decree." The case of Waring v. Lewis, 53 Ala. 615, 627, 628, declares, of a decree rendered against an infant represented by a guardian ad litem, that it is binding and can be impeached only upon grounds which would be available if he were an adult; that his rights and interests are as subject to the jurisdiction of the court as those of an adult; that a guardian ad litem is appointed by the court, who, in the presence of the court, makes full defense and has not capacity to impair the defense by any act, admission, or omission, and that "the fair and just presumption, after judgment, is, that the court has observed its duty, and compelled observance from the guardian. When the judgment is collaterally assailed, unless presumptions are indulged against the court rendering it, conclusiveness must be attached."

The foregoing rule is not to be confused with that relative to an irregular and erroneous appointment of a guardian ad litem for' an infant defendant in the absence of service of process on the infant, or upon the parent, guardian, etc., of infants under 14 years of age (Chancery Rule 20, pp.' 1533, 1534, Code of 1907), in behalf of the infant— that is, that the infant must be brought before the court, as a party, in one of the modes prescribed by law, before the appointment of a guardian ad litem (Walker v. Hallett, 1 Ala. 379; Walker v. Bank of Mobile, 6 Ala. 452; Erwin v. Ferguson, 5 Ala. 158; Hodges v. Wise, 16 Ala. 509; Preston v. Dunn, 25 Ala. 507; Clark v. Gilmer, 28 Ala. 265; Rhett v. Mastin, 43 Ala. 86; Carter v. Ingraham, 43 Ala. 84; Irwin v. Irwin, 57 Ala. 614; McIntosh v. Atkinson, 63 Ala. 241; Cook v. Rogers, 64 Ala. 406; Hibbler v. Sprowl, 71 Ala. 50; Cantolou v. Whitley, 85 Ala. 247, 4 South. 610; Herring v. Ricketts, 101 Ala. 340, 13 South. '502; Rowland v. Jones, 62 Ala. 322; McQueen v. Grigsby, 152 Ala. 656, 44 South. 961; Conway v. Clark, 177 Ala. 99, 58 South. 441; Jackson v. Putman, 180 Ala. 39, 60 South. 61; Crowder v. Doe ex dem. Arnett, 193 Ala. 470, 68 South. 1005). The foregoing cases, however, were in or of direct 'attacks on judgments or decrees held subject to reversal on appeal. It is not, however, the rule of the instant attack on a judgment or decree, where the proceedings were "only irregular and erroneous, which infirmity could and should have been corrected by appeal or by some other direct attack," to void the same for such irregularities. Crowder v. Doe ex dem. Arnett, 193 Ala. 470, 68 South. 1005; Preston v. Dunn, 25 Ala. 507; Bondurant v. Sibley's Heirs, 37 Ala. 565; Frierson v. Travis, 39 Ala. 150; Edmondson v. Jones, 204 Ala. 133, 135, 85 South. 799; 1 A. L. R. 939d; Vary v. Thompson, 168 Ala. 367, 52 South. 951.

The last amendment or the amendment to the instant bill avers, of the parties to the bill sought to be challenged thereby, that they are "Yancy P. Hamilton, Anna M. Hamilton, Susie Hamilton Roberts, the wife of Robert Roberts, William Edward Hamilton, and Martha E. Hamilton, over 14 years of age, and Price Hamilton, Jr., Edward Malone Hamilton, Erle Tillman Hamilton under 14 years of age; that all of said beneficiaries are under the age of 21 years, and in the custody of their father, Yancy P. Hamilton, none of whom have a general guardian, except the said Yancy P. Hamilton, Emma M. Hamilton, and Susie Hamilton Roberts; that all of said beneficiaries reside in Limestone county, Ala., except Susie Hamilton Roberts, who resides in Decatur, Morgan county, Ala.;" that the prayer of that bill was that they be brought in "by proper process" and "made parties defendant" to the bill, and that there be appointed a guardian ad litem for each of the infant beneficiaries named "to represent and protect their interests upon the hearing." The record shows that defendants Yancy P. Hamilton, Annie M. Hamilton, and Susie Hamilton Roberts came in their own proper persons, answered the bill of complaint, admitting the allegation itself and statement contained therein, prayed the court to ratify and confirm, under the terms and conditions mentioned, the contemplated sale set out in the bill of complaint, and that R. H. Roberts, or Robert Roberts, the husband of said Susie Hamilton Roberts, assented "to the ratification by the court of the sale of lands set forth in the bill of complaint;" that W. H. Turrentine, as guardian ad litem for William Edward Hamilton, Martha Elizabeth Hamilton, Price Hamilton, Jr., Emma Malone Hamilton, and Erle Tillman Hamilton, answering for them as such guardian ad litem in said cause, "denies each allegation in said bill and demands strict proof of the same."

If there was irregularity in appointing the guardian ad litem for the minors, the amendment showed service upon the parent and custodian of the infant defendants, who was a party defendant, and who was not shown by the bill to have had an adverse interest, and upon the infants averred to be over 14 years of age. If the bill had shown an adverse interest on the part of the parent as to the three defendants under the age of 14 years, then the twenty-third rule of chancery practice did not provide for service, and the chancellor was authorized to appoint a guardian ad litem without service, which would have been regular. Cook v. Rogers, 64 Ala. 406, 408; McQueen v. Grigsby, 152 Ala. 656, 660, 44 South. 961.

After all that may be said on the subject, the court had jurisdiction over the subject-matter and the infant defendants in the case pending for decision, and, the decree rendered not being appealed to this court for review of any irregularity in appointing the guardian ad litem for all the infants and their answers, that decree is not now open to the instant attack thereon. The demurrer was properly sustained to the bill as amended.

The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and MILLER, JJ., concur.